### JAMES *v.* JAMES.

When absence without making provision for the wife's support is alleged as a cause of divorce, the libellant must show the husband's ability to support her, not only at the time of the separation, but subsequently, and until the filing of the libel.

If the husband, residing in a foreign country, becomes an habitual drunkard, and, though able, makes no provision for the support of his wife, and she is compelled for these reasons to leave him and to live apart from him for three years together in this state, such separation may be treated by the wife as willing absence on his part.

LIBEL, for divorce.  Cause assigned, the willing absence of the husband from the wife for three years together, without making suitable provision for her support.  The libellant, previous to her marriage, lived with her parents in this state.  At the time of their separation, the parties lived in Canada.  In July, 1871, the libellant procured money from her father and returned to this state, where she has since lived.  She left the libellee because of his intemperate habits, and his failure to support her.  He did not otherwise ill-treat her.  He had no property, but, when he would work, could earn $36 a week, and had work to do when he would do it.  Libel dismissed, the libellant excepting.

*Osgood,* for the libellant.

SMITH, J. The evidence as to the libellee's ability to support his wife is not sufficient. Mere neglect to make provision for the wife's support is not a cause of divorce, unless it was in his power to do so. *F——* v. *F——*, 1 N. H. 198. And evidence of sufficient ability at the time of leaving is not enough to entitle her to a decree. His continued ability during his absence must be shown. *Fellows* v. *Fellows*, 8 N. H. 160; *Davis* v. *Davis*, 37 N. H. 191. It was formerly held that it was not enough to show that the husband had been able to labor, but proof that he had property was required. *F——* v. *F——*, *supra.* This rule has been so far modified as to require evidence that the husband had some pecuniary ability, either property or the proceeds of his own labor, wherewith to provide for the support of his wife, and refused to make such provision. *Davis* v. *Davis, supra.* Upon this part of the case the libellant's evidence fails.

The remaining question is, whether it has been shown that the libellee has willingly absented himself from his wife for three years together, without making suitable provision for her support.

There are decisions which hold that if a husband so abuses his wife as to render living with him personally unsafe for her, and for that reason she leaves him, she can maintain against him a suit for divorce, relying on such conduct as constituting desertion by him. 2 Dane Ab. 308; Reeve Dom. Rel. 207; *Wood* v. *Wood*, 5 Ired. 674; *Almond* v. *Almond*, 4 Rand. 662; *Camp* v. *Camp*, 18 Texas 528. Such conduct seems, upon principle, to show the intent of the husband to desert, on the familiar rule that a person is intended to presume the natural and probable consequences of his acts; that there can be no distinction between his intending to oblige her to leave him, and intending himself to leave her. Bishop on Mar. and Div. 515.

In *Houlston* v. *Smith*, 2 C. & P. 21, it was held, that if a wife quits her husband's house under a reasonable apprehension of personal violence, that is equivalent to his turning her out of doors; and a party supplying her with necessaries may recover for them against the husband. But undoubtedly such ill-conduct must be shown to be connected with a desire on the part of the husband to be rid of his wife, to be deemed a case of desertion, although the wife may be justified in leaving. Bishop on M. and D. 515.

In *Frost* v. *Frost*, 17 N. H. 251, the parties were married and lived in Maine; the wife left her husband and removed to this state because he made insufficient provision for her support;—it was held that the abandonment was by the wife. No ill-conduct of the husband was proved beyond his neglect to provide for his wife's support, and it did not appear whether the neglect arose from his inability or unwillingness.

*Pidge* v. *Pidge*, 3 Met. 257, was a libel for divorce *a vinculo*, alleging the wilful and utter desertion of the libellant by the respondent. The evidence showed that the latter, without provocation, abused and beat the libellant, whereupon she left him, and never returned nor offered to return to him, and the respondent made no effort to cohabit

with her, and made no provision for her support. It was held by a majority of the court, under a statute which enacted that a divorce *a vinculo* might be decreed in favor of either party whom the other shall have wilfully and utterly deserted for the term of five years consecutively without the consent of the party deserted, that the libel could not be maintained. The decision appears to have been put upon the ground that desertion, extreme cruelty, and gross neglect to provide suitable maintenance, were made the foundation by statute for divorce *a mensa et thoro*, and that it would be adding to the provisions of the statute to hold that the wife may treat the husband as the deserting party, when she is compelled by his misconduct to live apart from him. It does not appear that the question, whether the ill-conduct of the husband was intended to bring about a separation made necessary for the safety of the wife, was brought to the attention of the court. The statute was subsequently amended so as to include such cases.

The very able dissenting opinion, by Mr. Justice PUTNAM, affords conclusive reasons why, under a statute like ours, a different result should be reached. The learned judge said, that, " to all legal and reasonable intendments, the wife, who is obliged to fly from her husband's violence and home into the street for her preservation, is to be considered to be there not of her own free will, but by reason of the force and violence of her husband. He has driven her from him, and it would be a perversion of terms to say that she, under those circumstances, deserted him."

The case finds that the libellant was compelled to separate from her husband because of his drunkenness, and of his neglect to furnish her and her child with the means of support. There was no other alternative for her except to remain and suffer, and perhaps starve. The law is not unreasonable, and does not require of the wife such sacrifice of her comfort or existence. The living with an habitual drunkard, in the wretchedness, suffering, and poverty resulting from such a life, may be more intolerable to a wife than occasional acts of cruelty. The natural and probable result of the libellee's drunken life and neglect to provide for the support of his wife was that which actually did take place : having no home of her own, and no means of support, and the home he was bound to provide being no longer habitable, she returned to the home of her father. Judged by his acts and their natural result, the libellee intended to produce the separation of his wife from himself.

A wife abandoned by her husband in another state, who, though able, makes no provision for her support, may return to her parents here, and if subsequently the desertion continues for three years together, no provision for her support being made by him, she is entitled to a divorce. *Frary* v. *Frary*, 10 N. H. 61; *Kimball* v. *Kimball*, 13 N. H. 222; *Payson* v. *Payson*, 34 N. H. 518. There is no distinction in principle between the desertion by the husband under such circumstances, and the compulsory separation caused by his ill-

conduct. In the one case he abandons her to suffer and starve by his voluntary desertion of her ; in the other he leaves her to the same fate by his voluntary ill-treatment and neglect.

We think, upon the facts shown in this case, the libellant is entitled to treat the result of her husband's ill-conduct and neglect of herself as willing absence on his part. If at the trial term she can show that, during the period of absence alleged, the libellee had the ability to provide for her support, a divorce will be decreed ; otherwise, the libel must be dismissed.

*Case discharged.*

BINGHAM, J., did not sit.