## RAND *v.* RAND.

A judgment refusing a divorce on the ground of extreme cruelty, is no bar to a subsequent suit by the same party for a divorce on the ground of abandonment arising from the libellant's abandonment of the libellee, compelled by the same acts of cruelty relied on in the former suit.

LIBEL FOR DIVORCE, for abandonment and refusal to cohabit for three years. For proof, the libellant relied on the fact of her own abandonment of the libellee caused by his acts of extreme cruelty. In answer to this, the libellee offered the record of a judgment denying a divorce on a former libel for the same extreme cruelty. The question was reserved whether that judgment is a bar to a divorce in this suit.

*Gould* and *Mugridge*, for the plaintiff.

*Albin & Streeter* and *C. P. Sanborn*, for the defendant.

ALLEN, J. The abandonment alleged arose from the plaintiff's abandonment of her husband, caused by his acts of cruelty. To make out this charge of constructive abandonment, the plaintiff must show that the defendant intended that his wife should abandon him, and committed the acts complained of for the purpose of compelling a separation. Bishop Mar. & Div. 515; *James* v. *James*, 58 N. H. 266. Any conduct of the defendant intended to drive the plaintiff away and keep her away being good cause for her going away and staying away, is, in legal effect, his abandonment of her, whether he expels her from his house and keeps her out by direct physical violence, or by treatment indirectly as effective as assault and battery.

The issue determined by the former proceeding was that of extreme cruelty. The court cannot say, as matter of law, that cruel acts of the husband which would justify his wife in leaving him would always be such extreme cruelty as would entitle her to a divorce on that ground. The refusal of a divorce in the former suit was not an adjudication of the cause alleged in this case, and the former judgment does not estop the plaintiff from using the evidence offered by her in support of the allegations in this case.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.