Strafford,
June 26, 1944. } No. 3490.

AURORE M. LIBERATO *v.* ALBERT J. LIBERATO.

*Leonard C. Hardwick*, by brief, for the libelant.

JOHNSTON, J. The trial Court does not have jurisdiction of the cause for divorce unless it wholly arose or accrued while the plaintiff was domiciled in this State. R. L., c. 339, s. 5. In *Greenlaw* v. *Greenlaw*, 12 N. H. 200, the Court was of the opinion that a divorce could not be decreed under a statute that was not retrospective, for conviction and imprisonment that occurred prior to the enactment of the statute although the imprisonment continued beyond such passage. "At the time of its passage the libelee could not recall the one, nor avoid the continuance of the other; and a construction of the statute which should convert this existent matter into a cause of divorce, when its origin furnished no ground for a dissolution of the marriage, and its continuance was without the volition of the party, would be, in effect, to give the statute a retrospective operation." *Ib.*, 203, 204. The cause under consideration does not continue for any prescribed length of time. Under the reasoning in the *Greenlaw* case it cannot be said that the conviction of Albert J. Liberato continued until the libelant gained her domicile in this State and that the imprisonment which after the acquisition of such domicile went on regardless of fault on the libelee's part thereafter, satisfies the statutory requirement for jurisdiction. The cause alleged did not wholly arise nor accrue while the libelant was domiciled here.

However, it is well settled in this State that divorce may be granted for constructive desertion as desertion is defined in either

paragraph IX or X of section 6 of chapter 339 of the Revised Laws. *Rand* v. *Rand*, 58 N. H. 536; *James* v. *James*, 58 N. H. 266. A spouse who by his or her misconduct and the natural consequences thereof brings cohabitation to an end is deemed guilty of desertion. If such desertion as above defined continues for the statutory period after the libelant has gained a domicile in this State, the libelant is entitled to a decree. In the present action, if the libelant moves for an amendment and it is allowed by the trial Court, no reason is apparent why she is not entitled to a divorce on the ground of abandonment and refusal to cohabit for three years. Misconduct that would be cause for divorce under the laws of this State is of course sufficient for the application of the above-stated principle. The libelee cannot protest that the conviction and the imprisonment are involuntary on his part, for they are the natural consequences of misconduct of his that was voluntary. "Judged by his acts and their natural result, the libelee intended to produce the separation of his wife from himself." *James* v. *James, supra,* 268.

*Case discharged.*

All concurred.