## BROWN v. BROWN.

A decree dismissing a libel for divorce, upon a hearing on the merits, is a bar to any future libel for the same cause; *aliter*, if the libel is dismissed for defect of proper allegations, or for want of prosecution, or on motion of the libellant.

THIS is a libel for divorce, for the cause of extreme cruelty. It was objected for the libellee, that a libel for the

Brown v. Brown.

same cause had been filed by the libellant in March, 1856, and after a hearing at July term, 1856, was dismissed.

The papers in the first case were submitted to the court, and, on comparison, the allegations of the libel, the testimony of the witnesses, and the facts proved, are substanstantially the same.

The entry on the docket is simply, " *dismissed.*"

BELL, J.  The only question raised in this case is, whether the undoubted principle of the law, that a judgment rendered between the same parties, for the same cause of action, upon a trial of the merits, before a court of competent jurisdiction, is conclusive between them, applies to the case of a decree rendered in a proceeding for divorce.

This point does not seem to us open to any doubt.  The jurisdiction in cases of divorce *a vinculo matrimonii*, is unknown to the common law, is conferred on the court by statute, and is exercised in modes unknown to the common law ; still, the principle that a matter, once decided by a competent tribunal, binds the parties conclusively, applies equally as to cases at common law.  The operation of the rule is in no way limited by the character of the tribunal, or its course of proceeding.

The case which perhaps more than any other may be deemed the leading case on this subject, *The Duchess of Kingston's Case*, 11 State Trials 171 ; 2 Smith's Leading Cases 424, was directly upon the conclusive effect of a judgment, in a case of jactitation of marriage, in an ecclesiastical court of somewhat subordinate jurisdiction ; and yet its effect as a judgment between parties was not questioned.  The question was upon its effect, when offered in evidence collaterally, upon an indictment for bigamy, where the parties were necessarily different.  The conclusiveness of such decrees is considered, discussed and distinctly recognized, upon an examination of many cases, in

Brown *v.* Brown.

2 Phill. Ev., chap. 1, sec. 3; and 2 Cow. & Hill's Notes 57-83; 1 Greenl. Ev., secs. 528, &c.; *King* v. *Chase*, 15 N. H. 9.

A secondary question may arise, which is, whether a decree that a libel for divorce be dismissed, is conclusive against the maintenance of any other libel for the same cause. And the answer to this question must depend upon the point, whether such a decree, according to our practice, is necessarily a decree upon the merits. There are here usually no pleadings in the case, even of contested libels. If objections are made to the libel itself, they are usually taken advantage of by a motion to dismiss the libel. So if the libellant is negligent in prosecuting his suit, the remedy is by a motion to dismiss for want of prosecution. Such motions are usually shown by the record; and where it appeared that the libel was dismissed without a final hearing upon the merits, upon such motion the decree of dismissal would have the effect of a judgment upon a motion to quash, or on a plea in abatement, or on a motion for a nonsuit, and would have no effect beyond the pending suit.

So the usual course of a party, who for any reason desires to abandon the further prosecution of his libel, is to move that it may be dismissed, which is usually done without any entry of his motion. In such a case the entry, "Dismissed," is undistinguishable from the same entry made by order of the court upon a full examination of the evidence. The latter, as a decision upon the merits, is final; while the former, as a mere *nol. pros.*, is not evidence. 2 Cow. & Hill's Notes 120.

To avoid the bar presumptively arising from such a decree, the party should see that the entry of his motion to dismiss be made on the record, or that the entry be made as in chancery cases, "without prejudice to any future proceeding." 1 Dan. Ch. Pr. 341, note.

Where no such entry is made the papers on file will

usually show whether the evidence was taken and finally submitted to the court, which would be strong evidence that the libel was dismissed on its merits. If, however, nothing appears, the party who alleges that the libel was dismissed on his own motion, or for any formal defect, or on any incidental question, should move an amendment of the record of the former case, so that the facts may appear. Such motion is allowed as of course, upon proper notice and proof.

In the present case it sufficiently appears that the first libel was decided upon its merits, and dismissed for defect of proof. The former decree is, therefore, a bar to this libel, which is, therefore,

*Dismissed.*