Merrimack,  }
Nov. 10, 1914. }

### MARK E. GORDON *v.* DOROTHY A. GORDON.

LIBEL FOR DIVORCE and cross-libel for separate maintenance. Facts found by a master, upon whose report the superior court (*Branch,* J.) at the April term, 1914, ordered the husband's libel dismissed and entered a decree for the wife, subject to the husband's exception.

*John M. Stark, James W. Remick,* and *William W. Thayer (Mr. Remick* orally), for Mark E. Gordon.

*Patrick H. Sullivan* and *George A. Wagner (Mr. Wagner* orally), for Dorothy A. Gordon.

*Per Curiam.*   If it is assumed that Mr. Gordon was not responsible for his wife's suspicions of his infidelity, if she "honestly" entertained them in consequence of false information derived from others,—in other words, if he did not by his conduct or conversation cause her to infer that he was unfaithful to her,—her conduct toward him which resulted in serious injury to his health might be ground for divorce.   But it would not justify a decree in his favor, if it appeared that he was also guilty of extreme cruelty toward her, for recrimination is a defence.   That he was guilty of such cruelty when he choked her and threatened to inflict other bodily harm upon her, or that such conduct is sufficient evidence of extreme cruelty,

is not open to serious doubt. This is therefore the end of his case, and the decree dismissing his libel is sound. If he was responsible for exciting in her the suspicions referred to, he is not entitled to a decree.

But although his extreme cruelty to her is a ground upon which she may be entitled to a divorce, if she, without any excuse so far as his conduct is concerned, thought he was unfaithful, and continually accused him of infidelity and in that way seriously injured his health, a decree in her favor could not be sustained. On the other hand, if her husband so conducted himself that she was led to suspect him of being unfaithful, a decree in her favor could be sustained.

The crucial inquiry is, therefore: what does the master mean by the finding that "Mrs. Gordon became honestly suspicious"? Were her suspicions honest because they were based upon what he said and did, or were they due to some outside course for which he was in no way responsible? If the former, she may be entitled to a decree; if the latter, she is not. Her recrimination against him seems to be good. His recrimination against her may or may not be good.

It is not necessary to determine the rights of the parties by a construction of the somewhat ambiguous language of the master's report. The fact can easily be determined by a further hearing. The case is recommitted for such hearing by the superior court. Such order will be finally made as the facts hereafter found may require.

*Case discharged.*