Hillsborough, }
June 3, 1924. }

### MAURICE SANDBERG v. SARAH SANDBERG.

The denial of a motion to vacate a decree of divorce on the ground of insufficiency of notice of the hearing and the consequent non-attendance of the libelee presents no question for the supreme court, and this is particularly true when all the evidence on which the finding was based is not transferred.

MOTION, to vacate a decree of divorce. The libel alleged that the libelee abandoned the libelant October 10, 1906. The resident counsel for the libelee, by letter and telegram, notified New York counsel of the libelee of the date set for hearing. But the libelee did not appear at the hearing, and the case was heard without contest. The libelant was granted a divorce for abandonment March 19, 1923. The motion to vacate the decree was subsequently filed, accompanied by an affidavit which stated in substance that the libelee did not receive notice of the hearing; that she had a good and substantial defence to the action; and asked that the case be reopened and that she be permitted to be heard. The evidence of the libelee was heard April 18, 1923. The motion was denied and the libelee excepted. Transferred by *Marble*, J.

*John O'Neill* (by brief and orally), for the libelant.

*L. Ashton Thorp* and *Samuel J. Dearborn* (*Mr. Thorp* orally), for the libelee.

PLUMMER, J. The trial court had power to grant the libelee's motion to vacate the decree entered in the case, and reopen it for further hearing, if necessary to prevent injustice. "Whether justice required the reopening of the case for the introduction of the proffered evidence was a question of fact for the trial court." *Manchester Amusement Co.* v. *Conn*, 80 N. H. 455, 460; *Coffin* v. *Coffin*, ante, 284; *LaCoss* v. *Lebanon*, 78 N. H. 413, 417. The evidence of the libelant heard by the court has not been transferred. Therefore this is peculiarly a case in which the decision of the trial court cannot be annulled. This court has no knowledge of the evidence presented to the trial court by the libelant. It would be an unusual proceeding to annul a decision of fact without knowledge of the evidence upon which it was based.

In 1907, the libelant brought an action in the New York courts for separation from the libelee. It was decreed in that action that neither party was entitled to separation. The libelee claims that the decree in that case is a bar to this action. A sufficient answer to that contention is that the court may have found upon the evidence of the libelant, that the libelee abandoned the libelant subsequent to the separation proceedings in New York.

*Exception overruled.*

SNOW, J., was absent: the others concurred.