ADA B. GEERS *v.* LAWRENCE M. GEERS.

*George P. Cofran* and *Thomas E. Flynn, Jr.* (*Mr. Cofran* orally), for the libelant.

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the libelee.

KENISON, J. Among the thirteen causes for divorce in this state (R. L., *c.* 339, *s.* 6) are "III. Extreme cruelty" and treatment "V. . . . as seriously to injure health or endanger reason." The contention of the libelee that these two grounds are similar is well founded. *Jones* v. *Jones,* 62 N. H. 463. Thus certain treatment may be sufficient to establish both causes at the same time. *Dubreuil* v. *Dubreuil,* 93 N. H. 14. However, it has long been established that the causes are distinct and separate ones. There may be treatment injurious to health without cruelty (*Robinson* v. *Robinson,* 66 N. H. 600, 609) just as there may be cruelty without actual injury to health or reason (*Sirois* v. *Sirois,* 92 N. H. 27; *Ballou* v. *Ballou, ante,* 105).

The libelant does not contend that the pleadings in this case are model forms of unimpeachable clarity. The first libel, for instance, was lacking the necessary details as to "the specific acts and dates relied upon to constitute a cause . . . for divorce." Superior Court rule 125 (93 N. H. appendix). If objection had been made it would have

to be amended in those respects or dismissed. *K* v. *K*, 43 N. H. 164. But it is reasonably clear that it set forth treatment injurious to health and reason. The reference to "acts of extreme cruelty" made therein after the phrase "in that" constituted merely a specification of the alleged cause for divorce. The second libel sets forth extreme cruelty as the cause for divorce.

The dismissal of the first libel alleging treatment injurious to health was not *res judicata* of the second libel alleging extreme cruelty. "Refusal of a divorce on one ground does not prevent a subsequent application on a different ground." I Nelson, Divorce and Annulment (2d ed) s. 2.11. See *Rand* v. *Rand*, 58 N. H. 536.

The evidence in support of the second libel was not considered by the Trial Court in any form as was done in *Brown* v. *Brown*, 37 N. H. 536, 537, and it is not before us. It might include evidence of acts of cruelty subsequent to the first libel, so that the former dismissal of that libel would not be determinative of the present one. *Sandberg* v. *Sandberg*, 81 N. H. 317, 318; *Poulicakos* v. *Poulicakos*, 94 N. H. 233, 235.

*Exception sustained.*

All concurred.