Strafford,
Oct. 2, 1951.    No. 4028.

CHARLES J. DESAULNIER *v.* MABEL E. DESAULNIER.

172

*Cooper, Hall & Cooper* and *John M. Brant* for the libelant.

*Charles F. Hartnett* for the libelee.

KENISON, J. A legal separation in this state, originally authorized by Laws 1909, *c.* 68, has "the effect of a divorce" only to the extent provided by statute and is synonymous with a limited divorce. *Veino* v. *Veino,* 96 N. H. 439, 440. A legal separation differs from an absolute divorce (R. L., *c.* 339, *s.* 6) in that the parties are not "free to marry any third person" (R. L., *c.* 339, *s.* 24), the name of the wife cannot be changed (*s.* 25) and the parties may at any time resume marital relations after filing a written declaration of such resumption with the Clerk of the Superior Court for the county in which the separation was decreed. *Paille* v. *Paille,* 91 N. H. 249; R. L., *c.* 339, *ss.* 26-28.

Although the legal separation granted the wife was entered pursuant to the stipulation of the parties and the withdrawal of the opposition of the husband, the resulting decree was nevertheless the conclusion of the court and not merely a private agreement between the parties. *Eaton* v. *Eaton,* 90 N. H. 4. Likewise the dismissal of the husband's cross-libel pursuant to his consent "if grounds for legal separation were found" was a judgment of the court on the merits barring another action for the same cause. See *Moore* v. *Lebanon,* 96 N. H. 20. While a decree of legal separation does not necessarily preclude a subsequent divorce (Schouler Divorce Manual, *s.* 145; anno. 138 A. L. R. 346; *Cf. Cochrane* v. *Cochrane,* 303 Mass. 467), the effect of the prior proceedings in this case was an adjudication that the wife was entitled to a legal separation for extreme cruelty and that the husband was not entitled to an absolute divorce on the grounds of extreme cruelty or treatment seriously

injurious to health. See *Wilmot* v. *Wilmot,* 94 N. H. 483; *Poulicakos* v. *Poulicakos,* 94 N. H. 233. Since there is no fraud or other equitable ground for vacating the prior proceedings (*Bussey* v. *Bussey,* 95 N. H. 349) and since the present libel does not rely on grounds for divorce subsequent to or different from those in the first cross-libel (*Geers* v. *Geers,* 95 N. H. 316; *Sandberg* v. *Sandberg,* 81 N. H. 317, 318), the prior proceedings are determinative of the present one. *Brown* v. *Brown,* 37 N. H. 536; 2 Freeman, Judgments (5th *ed.*) *s.* 907.

*Exception overruled.*

All concurred.