Hillsborough,
No. 4550.

JOSEPH OUELLETTE *v.* ALEXINA OUELLETTE.

Argued January 3, 1957.
Decided January 31, 1957.

*Danais, Loughlin & Danais* (*Mr. Robert Danais* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Shane Devine* orally), for the defendant.

BLANDIN, J. The questions raised by the defendant's exceptions are whether the Court erred in granting as a matter of law the plaintiff's motion to bring forward his original petition for legal separation and amend the decree of legal separation founded thereon to one of divorce, and in denying the defendant's motion to vacate the original decree and enter one in her favor.

It is true that a legal separation or limited divorce as it is sometimes called (RSA 458:26) is a different cause of action from an absolute divorce. RSA 458:7; *Desaulnier* v. *Desaulnier*, 97 N. H. 171, 172, and authorities cited. However, the plaintiff was decreed a legal separation on the grounds of abandonment and

refusal to cohabit on his original libel as amended. RSA 458:7 IX. It therefore appears the Court found that the plaintiff did and the defendant did not have a cause for legal separation. This issue has therefore become *res judicata* (*Desaulnier* v. *Desaulnier*, 97 N. H. 171; *Poulicakos* v. *Poulicakos*, 94 N. H. 233, 235) and so the Court's denial of the defendant's motion was not error.

However, a different question is presented by the plaintiff's motion which asks for further equitable relief. Whether this should be granted him is clearly a matter for the Court's discretion. *Sandberg* v. *Sandberg*, 81 N. H. 317. An examination of the record convinces us that the circumstances here are such that the Court has a strong duty to scrutinize "the total situation" (see *Powell* v. *Powell*, 97 N. H. 301, 303) after hearing all the evidence the parties may introduce on the question of whether justice requires that the plaintiff's motion be granted. *Ela* v. *Ela*, 63 N. H. 116, 122; *Bussey* v. *Bussey*, 95 N. H. 349. Since the plaintiff's motion was granted as a matter of law when discretion should have been exercised, there must be a new trial. *Vallee* v. *Company*, 89 N. H. 285, 291. It follows the order is

*Remanded.*

All concurred.