**H. C. ALFORD, Appellant,**

v.

**Flora ALFORD, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

Rodes K. Myers, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellee.

CLAY, Commissioner.

Appellant husband sought an absolute divorce from appellee, his wife, and the latter counterclaimed for a divorce from bed and board. The Chancellor granted the relief prayed by the wife.

The husband's complaint was filed on April 17, 1957, and alleged a cause of action based upon abandonment. The wife filed an answer on April 29. Some time later, without leave of court, the husband filed an amended complaint alleging cruel and inhuman treatment. Thereafter, without leave of court, the wife filed her counterclaim seeking a divorce from bed and board.

■ On the merits of the controversy raised by all the pleadings, the Chancellor found that the husband had failed to prove his right to a divorce, and that the wife had established the cause of action set up in her counterclaim. The evidence amply supported his conclusions, and his findings of fact are not shown to be clearly erroneous. CR 52.01.

■ In the course of its opinion the court indicated that the husband's amended complaint should be dismissed because it was filed without leave of court, but he accepted the wife's untimely counterclaim, which was subject to the same objection. Obviously both of these late pleadings should have been either rejected or accepted in like manner. However, as we read the Chancellor's "Opinion and Findings", he did consider the merits of the husband's amended complaint, and therefore the procedural objections raised on this appeal do not affect the substantial rights of the parties. CR 61.01.

■ The husband further contends that the court improperly granted a divorce a mensa et thoro when it is apparent from the record that there is no hope of reconciliation. He cites Coleman v. Coleman, Ky., 269 S.W.2d 730, wherein we pointed out that a bed and board divorce is a poor arrangement, and should not be granted except in exceptional cases. However, the wife, who is the only party entitled to relief on this record, shows some reason why this type of divorce should be granted, and she did not ask for other relief. The husband cannot complain because he is not entitled to an absolute divorce either at his own instance or on the counterclaim of his wife. We find no error in the judgment in this respect.

The judgment is affirmed.