Carroll,
No. 4898.

MARY G. POLLINI *v.* RAYMOND F. POLLINI.

Argued January 3, 1961.

Decided February 7, 1961.

*Broderick, Manning & Sullivan* (*Mr. Broderick* orally), for the plaintiff.

*Lawrence J. Walsh* (by brief and orally), for the defendant.

KENISON, C. J. No question is raised as to the pleadings or that part of the decree that relates to custody and support. *Baker* v. *Baker*, 90 N. H. 307; Grimes, Pitfalls in Domestic Relations Proceedings, 1 N. H. Bar J. (No. 4) 15, 19 (1959). The question presented as stated in the defendant's brief is as follows: "In a matter of domestic strife, wherein the testimony appears undisputed

(1) that each party has suffered treatment so as to seriously injure health, (2) that two admittedly qualified marriage counselors prior to the initiation of any legal proceedings advised the parties to separate, (3) that separations have not resulted in any lasting reconciliation, (4) that physical assaults have marred the domestic scene, and (5) that the parties concede that reconciliation is futile, whether a legal separation is a solution preferable to that of an absolute divorce."

The defendant contends that the Court failed "to look at the total situation" (*Powell* v. *Powell,* 97 N. H. 301, 303) in denying the divorce with the result that the parties are half-married and half-free — one a wife without a husband and the other a husband without a wife. Keezer, Marriage and Divorce (3d *ed.* and 1959 Cumulative Supplement) *s.* 244. *Coleman* v. *Coleman,* (Ky. App.) 269 S. W. 2d 730. See *Ouellette* v. *Ouellette,* 100 N. H. 434, 436. A partial answer to this contention, however, is that divorces are decreed to "the innocent party" (RSA 458:7) and the evidence failed to convince the Trial Court that the defendant had met this requirement. *Franklyn* v. *Franklyn,* 93 N. H. 90; *Ballou* v. *Ballou,* 95 N. H. 105; *Morgan* v. *Morgan,* 101 N. H. 470. The determination of who qualifies as the "innocent party" is a difficult task. "In domestic relation cases testimony of the parties may be unconsciously colored by emotion and consciously slanted by vindictiveness. To distinguish fact from assertion frequently requires the delphic powers of a judicial Solomon and the attainment of that objective should not be unduly diluted in the process of appellate review." *Ballou* v. *Ballou,* 95 N. H. 105. The one-hundred-per-cent innocent one may be of a rare breed (*Kibbee* v. *Kibbee,* 99 N. H. 215, 216) but the Trial Court does its best which sometimes demands a saline evaluation of the total testimony when the domestic relations proceeding is uncontested or contested only in theory.

It may well be argued that in the present case an absolute divorce (RSA 458:7) would be a preferable solution rather than a decree for separate maintenance (RSA 458:31) or a legal separation (RSA 458:26) but the wife did not seek this solution and the evidence did not compel the Trial Court to grant it. *Alford* v. *Alford,* (Ky. App.) 317 S. W. 2d 887. See *Wilmot* v. *Wilmot,* 94 N. H. 483; *Desaulnier* v. *Desaulnier,* 97 N. H. 171.

*Exception overruled.*

All concurred.