Hillsborough,
No. 5152.

EDNA E. ROCKWOOD

*v.*

NORMAN F. ROCKWOOD.

Argued October 2, 1963.
Decided November 5, 1963.

*Stein, Cleaveland & Rudman* (*Mr. Morris D. Stein* orally), for Edna E. Rockwood.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* (*Mr. Middleton* orally), for Norman F. Rockwood.

BLANDIN, J.   The Trial Court held that even if the evidence were sufficient to warrant granting a divorce to Norman under RSA 458:7 or for any other cause enumerated in this chapter, he is not entitled to relief because he has been guilty of adultery.

It is indisputably the law here that the power of the Court to decree a divorce is entirely statutory. *Hartnett* v. *Hartnett*, 93 N. H. 406; *Jones* v. *Jones*, 91 N. H. 377. RSA 458:7 and 7 (supp) so far as material, provides that "A divorce from the bonds of matrimony shall be decreed in favor of the innocent party for either of the following causes: . . . II. Adultery of either party . . . . IX. When either party, without sufficient cause, and without the consent of the other, has abandoned and refused, for two years together, to cohabit with the other. . . . XI. When the wife of any citizen has willingly absented herself from her husband, without his consent, for two years together."

There is no dispute as to the conclusions of the Court's finding that Norman has been guilty of adultery, has fathered two children as a result, and has continued his unlawful relationship up to the time of the hearing. The sole issue is whether, in all the circumstances, he can be considered "the innocent party" within the meaning of RSA 458:7 so that if he can show that he has a cause for divorce, he may be sustained.

Counsel for Norman argues earnestly that the doctrine of recrimination which forbids one spouse from obtaining a divorce from the other when the spouse seeking the divorce has been guilty of what would entitle the other to a divorce, is not established here specifically by statute. He also urges that since divorce is primarily a measure of relief to the sufferer rather than punishment for the guilty, his client should prevail. *Robinson* v. *Robinson*, 66 N. H. 600, 610; *Kibbee* v. *Kibbee*, 99 N. H. 215, 216. In conclusion, he contends that since the present marriage is "factually dead," which the Court has found to be true, no useful purpose is served by not setting the parties free. In support of his position, while conceding that views on the subject are divided, he cites a number of authorities. *Pavletich* v. *Pavletich*, 50 N. M. 224; *Hatfield* v. *Hatfield*, 113 W. Va. 135; *Hatfield* v. *Hatfield*, 213 Mich. 368; Association of American Law Schools, Selected Essays on Family Law, *p.* 955.

The difficulty with this argument is that, as previously stated, the authority to grant divorce rests exclusively on the statute (RSA 458:7), which establishes our public policy on the question. *Hartnett* v. *Hartnett*, 93 N. H. 406. In this connection, it may be observed that since there is scarcely a subject upon which sincere and conscientious persons, including judges,

possess such sharply conflicting and firmly held views, perhaps it is well that this is so. Otherwise, "If every judge, in granting or refusing a divorce, were entitled to exercise discretion according to his own ideas of propriety or of public policy, the judicial branch of the government, with respect to divorce, would become a government of men and not of laws." *Reddington* v. *Reddington*, 317 Mass. 760, 765.

In considering the history of the statute, it appears that upon its original passage in 1842 (R. S., *c.* 148, *s.* 3) and in numerous re-enactments since, it has authorized the granting of divorce only to "the innocent party." We think we need not labor the point that the ordinary meaning of "innocent," by which we are governed (RSA 21:2), is "free from guilt." 42 C. J. S. 203; Webster's Third New Int. Dict., *p.* 1166.

Our court has stated flatly that a spouse who is guilty of an offense against the other spouse, which would be grounds for divorce, cannot himself obtain one. In other words, recrimination is a defense against a spouse who is not innocent. *Gordon* v. *Gordon*, 77 N. H. 597. It does not appear that this construction of what is presently RSA 458:7 has ever been questioned until now. By repeated re-enactments of the applicable portions of this statute without change since the *Gordon* decision, our Legislature has adopted this interpretation of it. *Krewski* v. *Hooksett*, 98 N. H. 175; *State* v. *Deane*, 101 N. H. 127, 130.

In the light of our cases, the common meaning of the word and the general understanding of the Bench and Bar throughout the years, we believe, regardless of the alleged abandonment by the wife, that by no stretch of the imagination may the husband here be deemed "the innocent party" within the meaning of RSA 458:7. Since this is so, no useful purpose would be served by discussing the sociological and other arguments suggested in the authorities cited in the brief in behalf of the husband.

The ruling of the Trial Court was correct, and the order is

*Decree affirmed.*

KENISON, C. J., did not sit; the others concurred.