Belknap
No. 6494

GEORGE R. RODRIQUE

v.

MARY C. RODRIQUE

January 31, 1973

*Nighswander, Lord, Martin & KillKelley* and *Mr. David J. KillKelley* (*Mr. Willard G. Martin, Jr.,* orally) for the plaintiff.

*Snierson, Chandler & Copithorne* for the defendant, filed no brief.

*G. Wells Anderson* as amicus curiae, by brief.

GRIFFITH, J. Libelant appeals from a Superior Court (*Dunfey,* J.) ruling denying an uncontested libel for divorce based on irreconcilable differences which allegedly caused the irremediable breakdown of the parties' marriage. RSA 458:7-a (Supp. 1972). The principal issue at the trial, and the sole issue on appeal, is whether or not the four-year limitation set forth in RSA 458:26 II (Supp. 1972) bars a libel for absolute divorce filed less than four years after the issuance of a decree of legal separation of the parties.

George and Mary Rodrique were married in Berlin, New Hampshire, on May 6, 1950. The parties continued to reside

in Berlin until 1961 when they moved to Laconia. On March 3, 1970, the Belknap County Superior Court granted Mary Rodrique a legal separation on the ground that George Rodrique had acted so as to "seriously endanger (her) health and reason". This libel praying for absolute divorce was filed December 3, 1971.

The pertinent language of RSA 458:26 II (Supp. 1972) provides: "A person concerning whom a legal separation has been decreed may, after a period of four years following the granting of the decree, file a motion to amend the decree to one of divorce and the court may then consider whether justice requires that such a change be made . . . ."

Prior to the passage of Laws 1969, 327:1 (inserted RSA 458:30-a, repealed 1971), a. party who had obtained a legal separation could secure the amendment of the decree of legal separation to a decree of divorce any time after the decree of legal separation. *Ouellette v. Ouellette,* 100 N.H. 434, 129 A.2d 201 (1957); *see* RSA 458:32. It was not necessary to allege or prove any new ground to support such a change in the decree but it was held to lie within the discretion of the court if the facts adduced in support of the motion permitted a finding that justice required the amendment. *Id.* While the decree of legal separation did not prevent the party against whom the legal separation was decreed from seeking a divorce "on grounds for divorce subsequent to or different from those [pleaded in the first proceeding]" (*Desaulnier v. Desaulnier,* 97 N.H. 171, 172, 83 A.2d 604, 605 (1951)), the defense of recrimination generally operated as a bar to such attempts. *Rockwood v. Rockwood,* 105 N.H. 129, 194 A.2d 771 (1963); *Gordon v. Gordon,* 77 N.H. 597, 92 A. 546 (1914). The party against whom a legal separation had been decreed could not seek an amendment to divorce under RSA 458:32 since the original decree of separation implied a finding that he or she was not an "innocent party". RSA 458:7.

Laws 1969, 327:1 provided a remedy after four years to the guilty spouse left "half-married and half-free" (*Pollini v. Pollini,* 103 N.H. 183, 184, 167 A.2d 680, 681 (1961)) with the chains of the dead marriage punishing the innocent as well as the guilty. *See Rockwood v. Rockwood supra,* where

two children were born of the extra-marital liason. Laws 1971, 445:5 changed the wording of the 1969 section from "A person against whom . . ." to "A person concerning whom . . ." so that the section now reads as previously quoted from RSA 458:26 II (Supp. 1972). It has been suggested that this language change is only intended to eliminate the fault aspect of this section and not intended to prevent the person securing the decree from moving to amend it to a divorce at any time. *See* Anderson, *New Hampshire Divorce Reform Act of 1971*, 13 N.H.B.J. 158, 173 (1972). In any event it clearly bars for four years the right of the plaintiff in this case to amend since he is the party both "against whom" and "concerning whom" the legal separation was decreed.

Laws 1971, ch. 445, where the above amendment appears also introduced a new cause for divorce based upon the concept of no-fault thereby rendering innocence irrelevant. This statute, now RSA 458:7-a (Supp. 1972), provides in substance that a divorce "shall be decreed, irrespective of the fault of either party, on the ground of irreconcilable differences which have caused the irremediable breakdown of the marriage". Recrimination as a defense to this cause is further denied by the provision that "the acts of one party shall not negate the acts of the other nor bar the divorce decree." *Id.*

While we have previously noted that the decree of legal separation was no bar to an action for divorce for a ground which arose subsequent to or was different from that pleaded in the first proceeding ((*Desaulnier v. Desaulnier,* 97 N.H. 171, 172, 83 A.2d 604, 605 (1951); *Geers v. Geers,* 95 N.H. 316, 63 A.2d 244 (1949); *Wilmot v. Wilmot,* 94 N.H. 483, 56 A.2d 13 (1947); *Sandberg v. Sandberg,* 81 N.H. 317, 125 A. 259 (1924); *Brown v. Brown,* 37 N.H. 536 (1859)) the present no-fault provision (RSA 458:7-a (Supp. 1972)) removes the probability of recrimination or res judicata preventing a decree in favor of a party against whom a legal separation has been decreed on fault grounds. *Poulicakos v. Poulicakos,* 94 N.H. 233, 50 A.2d 429 (1946); *Ouellette v. Ouellette,* 100 N.H. 434, 129 A.2d 201 (1957); Annot., 21 A.L.R.2d 1267 (1950); Annot., 90 A.L.R.2d 745 (1961); Annot., 138 A.L.R. 346 (1939).

RSA 458:7-a (Supp. 1972) appears to be a new beacon in the murky area of divorce where the "completely innocent spouse is frequently a myth" (*Kibbee v. Kibbee,* 99 N.H. 215, 216, 108 A.2d 46, 48 (1954)) and "the determination of who qualifies as the 'innocent party' is a difficult task." *Pollini v. Pollini,* 103 N.H. 183, 184, 167 A.2d 680, 681 (1961); *see* McDowell, *Kenison and Family Law,* 48 B.U.L.R. 192, 196 (1968). It also poses some new problems in the determination of what constitutes "irreconcilable differences which have caused the irremediable breakdown of the marriage." Our statute adopts the words generally used by courts to define "incompatability" as a ground for divorce. *See generally* Annot., 58 A.L.R.2d 1218 (1956); Uniform Marriage and Divorce Act § 305 in 5 Family L.Q. 227 (1971). We have found no more graphic definition than that of Senator Leonard in the debate on the bill when he said "This law goes back to the real cause for divorce — they just absolutely cannot get along." N.H.S. Jour. 972 (1971).

While RSA 458:7-a (Supp. 1972) directs that "allegations or evidence of specific acts of misconduct shall be improper and inadmissible" it permits their introduction when relevant on child custody or where the court determines such evidence necessary to establish the existence of irreconcilable differences. Certainly not every marriage where the parties "just absolutely cannot get along" is the result of misconduct on the part of either or both. The statute contemplates the introduction of factual testimony sufficient to permit a finding of "irreconcilable differences which have caused the irremediable breakdown of the marriage." However, both counsel and parties should recognize that under this statute the party seeking a divorce is no longer required to wear the halo of innocence or prove the guilt of the other party. *See Powell v. Powell,* 97 N.H. 301, 303, 86 A.2d 331, 333 (1952). This statute recognizes that just as it takes two to make a marriage both spouses generally play some role in its dissolution. If the parties accept at least in part their contribution to the breakdown of the marriage it will hopefully avoid the bitter charges usually common to contested divorce actions and will occasionally contribute to reconciliation.

In the present case the court specifically found that irrecon-

cilable differences between the parties arose after the issuance of the legal separation decree and have caused the irremediable breakdown of the marriage. In accordance with this opinion a divorce should be decreed to the present libelant.

*Exceptions sustained; remanded.*

Kenison, C.J., did not sit; Lampron, J., concurred in the result; the others concurred.