NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Original
No. 2013-434


PETITION OF GREGORY MALISOS
(New Hampshire Retirement System)

Submitted: March 6, 2014
Opinion Issued: September 12, 2014


Gregory Malisos, self-represented party, by brief.


Foley Law Office, of Concord (Peter T. Foley on the brief), for the respondent.


BASSETT, J. The petitioner, Gregory Malisos, seeks review of a ruling of the respondent, the board of trustees (board) of the New Hampshire Retirement System (NHRS), that his legally separated spouse did not qualify for the medical subsidy benefit set forth in RSA 100-A:52, I (2013). We reverse.

The record supports the following facts. The petitioner retired effective July 1, 2008, after twenty-four years and eight months of creditable service as a police officer with the Town of Windham (Town). When he retired, the petitioner continued his and his wife's health insurance coverage through the Town's participation in the Local Government Center's Health Trust insurance plan (LGC Health Trust). As part of his retirement benefits, the petitioner is entitled to a medical subsidy whereby the retirement system contributes a specified amount to the cost of his continued participation in the LGC Health

Trust.  See RSA 100-A:52 (2013).  In addition, his "spouse" is entitled to the medical subsidy "until death or remarriage."  RSA 100-A:52, I(g).  Accordingly, the NHRS provided the petitioner with a "two-person" medical subsidy beginning on July 1, 2008.

On September 17, 2009, the petitioner and his wife separated under a "Final Decree of Legal Separation" issued by the circuit court.  The NHRS received notice of the petitioner's legal separation in March 2011.  By letter dated April 18, 2011, the NHRS notified the petitioner that pursuant to NHRS policy, he was no longer eligible to receive the medical subsidy for his wife as of the date of the decree of legal separation.  The letter stated:  "It has been determined by NHRS counsel that a legal separation in the State of New Hampshire shall have in all respects the affect [sic] of a divorce . . . .  Consequently, a legally separated spouse is not entitled to the NHRS medical subsidy benefit."  The letter also informed the petitioner that because the NHRS had made medical subsidy overpayments to the LGC Health Trust on the petitioner's behalf totaling $7,135.64, it would "process[ ] a future retroactive adjustment to collect the overpayment."  Beginning in April 2011, the petitioner's medical subsidy benefit was reduced to the "one-person" amount.

On June 1, 2011, the petitioner filed an administrative appeal of the April 18 notice, and the parties agreed to file a stipulation of facts and to submit the case for a non-evidentiary adjudication.  See N.H. Admin. Rules, Ret 204.08.  On December 11, 2012, the hearings examiner recommended that the board uphold the determination by NHRS staff that the petitioner "was not entitled to the medical subsidy for his spouse after they were legally separated on 9/17/09."  The hearings examiner reasoned that pursuant to RSA Chapter 458 (Annulment, Divorce and Separation), which states in Section 26, I, that a legal separation "shall have in all respects the effect of a divorce," RSA 458:26, I (2004), the NHRS was required "to treat the Petitioner's legal separation . . . as if it were a divorce."  The hearings examiner concluded that "[b]eginning on 10/1/09, the first of the month following the decree of legal separation, by action of law the Petitioner no longer had a 'spouse' even though he was not free to remarry.  He ceased to be eligible for the medical subsidy for his legally separated wife."  The board approved the hearing examiner's recommendation on February 12, 2013, and subsequently approved her recommendation that the petitioner's motion for reconsideration be denied.  This appeal followed.

"Because RSA chapter 100-A does not provide for judicial review, a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the NHRS."  Petition of State Employees' Assoc., 161 N.H. 476, 478 (2011) (quotation and brackets omitted).  "Our standard of review is whether the board acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which cannot legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously."  Id. (quotation omitted).

The petitioner argues that the board's interpretation of RSA 458:26, I, conflicts with the clear and unambiguous language of RSA:100-A:52, I, and that, because the legislature "did not choose to modify the term spouse" in RSA 100-A:52, I, the board impermissibly rewrote the statute. The board argues that it properly applied the plain language of RSA 458:26, I, in interpreting the medical benefit eligibility requirements of RSA 100-A:52, I. Guided by principles of statutory interpretation, we disagree with the board.

Statutory interpretation is a question of law, which we review de novo. See State Employees' Assoc. of N.H. v. State of N.H., 161 N.H. 730, 738 (2011). In matters of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written, and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. When the language of a statute is plain and unambiguous, we need not look beyond the statute itself for further indications of legislative intent. See Appeal of Stewart, 164 N.H. 772, 775 (2013).

The starting point in resolving the question before us is RSA 100-A:52, I, which identifies those individuals who are entitled to receive certain medical benefits from the retirement system. The statute provides in pertinent part:

> I. The New Hampshire retirement system shall pay the cost for permanent group hospitalization, hospital medical care, surgical care and other medical and surgical benefits, in the employer-sponsored plan provided for active employees of a retiree's former employer . . . , for the following persons:
>
> . . . .
>
> (g) The spouse of a qualified retiree, until death or remarriage.

RSA 100-A:52, I(g).

As the board correctly notes, the term "spouse" is not defined in the statute. Therefore, we look to the plain and ordinary meaning of the term. See Appeal of Town of Nottingham, 153 N.H. 539, 553 (2006). Black's Law Dictionary defines "spouse" as "[o]ne's husband or wife by lawful marriage; a married person." Black's Law Dictionary 1621 (10th ed. 2014). Likewise, Webster's Third New International Dictionary defines "spouse" as "a man or woman joined in wedlock : married person : HUSBAND, WIFE." Webster's Third New International Dictionary 2208 (unabridged ed. 2002). The petitioner argues that because he and his wife have not dissolved the bonds of

3

matrimony, they are still married. The board asserts that RSA 458:26, I, makes legally separated spouses equivalent to divorced spouses, "and divorced spouses are not eligible for the medical subsidy under RSA 100-A:52."

"Parties who are married but who decide for justifiable cause to live separately without filing for divorce may petition the superior court or family division for . . . legal separation." 3 C. Douglas, New Hampshire Practice: Legal Separation & Maintenance § 11.01, at 335 (2002). A legal separation differs from a divorce in that: (1) the parties are not free to marry any third person, see RSA 458:26 (2004); (2) the name of the wife cannot be changed, see RSA 458:27 (Supp. 2013); and (3) the parties may at any time resume marital relations after filing a written declaration of such resumption with the clerk of the superior court for the county in which the separation was decreed, see RSA 458:28 (2004); see Desaulnier v. Desaulnier, 97 N.H. 171, 172 (1951). "While the separation has in all respects the effect of a divorce, it is not a divorce, and the parties remain legally married." Douglas, supra § 11.05, at 339; see Black's Law Dictionary, supra at 1572 ("separation" is defined as "[a]n arrangement whereby a husband and wife live apart from each other while remaining married"); see also Webster's Third New International Dictionary, supra at 2070 ("JUDICIAL SEPARATION" is "cessation of cohabitation between husband and wife by mutual agreement"). Given the distinctions between divorce and legal separation that have been established by statute, we conclude that the language in RSA chapter 458 mandating that a legal separation "shall have in all respects the effect of a divorce" is limited to establishing the rights and responsibilities of parties in proceedings commenced pursuant to RSA chapter 458. See Desaulnier, 97 N.H. at 172 (a legal separation has the effect of a divorce only to the extent provided by statute).

Accordingly, we hold that in the absence of any limiting language in RSA 100-A:52 to the contrary, the legislature intended that an individual, although legally separated from a retiree, qualify as a spouse for purposes of eligibility for the medical subsidy benefit, until that individual's death or remarriage. To conclude otherwise would add language to the retirement benefits statute that the legislature did not see fit to include. See Appeal of Town of Nottingham, 153 N.H. at 546-47. Had the legislature intended the term "spouse" to exclude from retirement benefits a legally separated spouse, it could have said so. We conclude that the board erred as a matter of law. See Petition of State Employees' Assoc., 161 N.H. at 478. Accordingly, we reverse.

Reversed.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.

4