CONBOY, J.
The plaintiff-landlord, Mountain View Park, LLC, appeals a decision of the Circuit Court (LeFrancois, J.), in which the court declined to approve an agreement concerning, in part, rent arrearages owed by the defendant-tenant, Gerald Robson, Jr., and issued a writ of possession. We affirm.
The following facts are undisputed. In June 2013, the parties entered into a rental agreement, whereby the defendant rented a mobile home owned by the plaintiff. The defendant eventually fell behind in his rent payments. In May 2014, the plaintiff served the defendant with a demand for rent and an eviction notice. When the defendant failed to pay the rent arrearages, the plaintiff filed this possession action.
In June 2014, the parties entered into an agreement to cure the defendant’s arrearages and avoid his eviction. In the agreement, the defendant acknowledged that his arrearages amounted to $3,125.38, and he agreed to a payment schedule. The agreement specified that the defendant would pay his current monthly rental rate. It also provided that he would pay a certain amount each month towards his arrearages until the *119 arrearages “reach[ed] a zero balance.” The agreement further stated that, “[u]pon reaching a zero balance,” the plaintiff would “drop[ ]” thé possession action, thus allowing the defendant “to avoid . . . homelessness.” The agreement also provided that, if the defendant “fail[ed] to make any of the above payments, the Court shall, upon request, under oath,... and without further judicial review, issue a writ of possession to Plaintiff.” (Emphasis added.)
Thereafter, the agreement was submitted to the trial court for approval; however, the court declined to approve it. The plaintiff unsuccessfully moved for reconsideration. In its denial of the plaintiff’s motion for reconsideration, the court explained that the “agreement provides for issuance of a writ of possession for an indefinite period of time in the future for the nonpayment of future rent not yet due, in addition to the unpaid rent which forms the basis of this eviction action,” and that RSA 540:13-c, II (2007) “does not include authority of the court to issue a writ of possession at some indefinite time in the future for the nonpayment of future rent not yet due.”
At the plaintiff’s request, a hearing was subsequently held in July 2014. Relying upon RSA 540:28 (2007), the court again denied approval of the agreement; the court elaborated that it could not “approve a provision that waives the tenant’s rights regarding future rent that is not yet due and payable.” The court also found that, although the defendant had made some payments toward his arrearages, he had paid less than the total amount that he owed the plaintiff. Accordingly, the court issued a writ of possession, and this appeal followed.
On appeal, the plaintiff argues that the trial court erred by failing to approve the agreement because RSA 540:13-c, II allows, and RSA 540:28 does not prohibit, such an agreement. The defendant agrees with the plaintiff and asks that we “grant [him] the opportunity to enter into this agreement thereby giving [him] a legal right to stay in [his] home under the stipulations of the agreement.”
The issues on appeal involve contractual and statutory interpretation, which are both questions of law; accordingly, our review is de novo. See In the Matter of Liquidation of Home Ins. Co., 166 N.H. 84, 88 (2014). ‘When interpreting a written agreement, we give the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated, and reading the document as a whole.” Id. (quotation omitted). “Absent ambiguity, the parties’ intent will be determined from the plain meaning of the language used in the contract.” Id. (quotation omitted).
*120 In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Petition of Carrier, 165 N.H. 719, 721 (2013). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. When the language of a statute is plain and unambiguous, we need not look beyond the statute itself for further indications of legislative intent. Petition of Malisos, 166 N.H. 726, 729 (2014).
RSA 540:13-c, II provides that:
Nothing in this section shall be construed to prohibit the parties in a case of nonpayment of rent from agreeing that, in spite of judgment for the plaintiff, a writ of possession shall not be issued, if the defendant makes payments in accordance with a schedule designated in the agreement. However, if such payments are not made when due, a writ of possession shall be issued upon request of the plaintiff.
(Emphasis added.) The plain language of this statute applies only to agreements addressing the nonpayment of rent. Nothing in the statute refers to regular rental payments in accordance with a lease or rental agreement. The statute authorizes parties to enter into an agreement regarding rent arrearage payments that, in order to stay the issuance of a writ of possession, requires the tenant-defendant to pay the arrearages in accordance with an agreed-upon schedule; if the tenant fails to make such arrearage payments, a writ of possession may issue upon the request of the landlord-plaintiff. RSA 540:13-c, II.
By contrast, RSA 540:28 applies to all forms of lease or rental agreements. It provides that “[n]o lease or rental agreement, oral or written, shall contain any provision by which a tenant waives any of his rights under this chapter, and any such waiver shall be null and void.” RSA 540:28 (emphasis added).
Here, following the nonpayment of rent by the defendant, the parties entered into an agreement that provided that the plaintiff would not seek a writ of possession so long as the defendant: (1) paid his regular monthly rent; and (2) made payments toward his arrearages in accordance with the agreed upon schedule. The agreement further specified that if the defendant “fail[ed] to make any of the above payments,” a writ of possession would be issued upon the plaintiff’s request.
Although the agreement provided that the plaintiff would not seek a writ of possession so long as the defendant made payments toward his arrearages, the plain language of the agreement also allowed for the *121 issuance of a writ of possession based upon the defendant’s failure to pay-regular monthly rent for his occupancy after the agreement was entered into. This is prohibited by RSA 540:28. See id. The defendant cannot — in an agreement — waive his right to challenge any possessory action based upon his nonpayment of future monthly rent, as such an agreement would be null and void. See id.; see also, e.g., RSA 540:3, IV (2007) (“If the eviction notice is based on nonpayment of rent, the notice shall inform the tenant of his or her right, if any, to avoid the eviction by payment of the arrearages and liquidated damages in accordance with RSA 540:9.”); RSA 540:13-a (2007) (providing for the defense of retaliation); RSA 540:13-d (2007) (providing defenses in cases involving violations of the standards of fitness for health and safety); RSA 540:20 (2007) (allowing parties to appeal decisions to the supreme court). Accordingly, we affirm the trial court’s decision declining to approve the agreement.
We observe, however, that, had the agreement been limited to solely addressing the payment of the defendant’s rent arrearages and had not included the provision regarding the future payment of regular monthly rent, the plain language of RSA 540:13-c, II would have permitted such an agreement. But, as explained above, the agreement as currently drafted violates RSA 540:28.
The plaintiff asserts that the agreement should be approved because it has “the exact same structure” as similar agreements approved by the trial court in the past. However, in making this argument, the plaintiff disregards the fact that, unlike the agreement at issue here, none of the other agreements in the record contain explicit provisions regarding the future payment of regular monthly rent.
 To the extent that the plaintiff asserts that public policy considerations, including the prevention of the defendant’s homelessness, require us to reverse the trial court’s decision, this argument is made in the wrong forum. Although we appreciate the importance of such considerations, “[m]atters of public policy are reserved for the legislature, and we therefore leave to it the task of addressing the [plaintiff’s concerns.” Petition of Kilton, 156 N.H. 632, 645 (2007). Finally, any issues raised in the notice of appeal, but not fully briefed, are deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

DALIANIS, C. J., and HICKS, J., concurred; Lynn, J., with whom BASSETT, J., joined, dissented.