# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0305, <u>Robert Reed v. Michelle Doucette & a.</u>, the court on March 29, 2018, issued the following order:**

The landlord's motion to amend his brief by adding witness statements that were not submitted to the trial court is denied.  <u>See</u> <u>Sup. Ct. R.</u> 13(1) (defining the record to include only those papers and exhibits filed and considered in the trial court).

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendants, Warren Doucette and Michelle Doucette (tenants), appeal an order of the Circuit Court (<u>Desjardins</u>, J.) granting a writ of possession and damages to the plaintiff, Robert Reed (landlord).  We construe their brief to argue that the trial court erred by:  (1) denying their motion to dismiss as untimely; and (2) awarding the landlord back rent and costs when the tenants had vacated the property.

We first address whether the trial court erred in denying the tenants' motion to dismiss as untimely.  District Division Rule 1.8(E) provides that "[a]ny motion which is capable of determination without the trial of the general issue shall be raised before trial, but may, in the discretion of the Court, be heard during trial."  To show that the trial court's decision was not a sustainable exercise of discretion, the tenants must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of their case.  <u>See</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

In this case, the tenants filed their motion to dismiss immediately before the hearing on the merits, and the landlord had not received a copy in advance.  The motion was not accompanied by an affidavit and was premised upon the tenants' factual claim that they had vacated the premises the day before the hearing.  <u>See</u> <u>Dist. Div. R.</u> 5.5(B) (stating "[c]ourt will not hear any motion grounded upon facts unless they are verified by affidavit, or are apparent from the record or from the papers on file in the case, or are agreed to and stated in writing signed by the parties or their attorneys").

Before the trial court, the landlord expressed doubt that the tenants had, in fact, vacated the premises.  The trial court held a hearing on the merits, where both parties testified under oath.  We conclude that the trial court's decision to

deny the tenants' motion as untimely was not clearly untenable or unreasonable. See Lambert, 147 N.H. at 296.

We next address whether the trial court erred by granting the landlord back rent and costs after the tenants testified that they had vacated the premises. After hearing conflicting testimony, the trial court found that the tenants "may have already vacated the property."

RSA 540:13, III (2007) allows a landlord seeking possession for nonpayment to make a claim for unpaid rent. The tenants argue that, because they had vacated the premises prior to the hearing, the landlord could not be awarded possession of the premises because it had already been returned to him and, therefore, the trial court could not award back rent and costs. They contend that, assuming the landlord's claim for possession was moot, his claim for back rent could not be allowed under the statute. This argument requires us to engage in statutory interpretation; thus, our review is de novo. Mountain View Park, LLC v. Robson, 168 N.H. 117, 119 (2015).

RSA 540:13, III provides that, "[i]f the court finds that the landlord is entitled to possession on the ground of nonpayment of rent, it shall also award the landlord a money judgment." It does not require that the landlord be awarded possession. At the hearing, the tenants acknowledged that they owed back rent. Thus, the trial court could have reasonably found that the landlord was "entitled to possession" on that basis.

Furthermore, generally, when a plaintiff initially seeks two forms of relief for a wrong, and one form of relief becomes unavailable, the plaintiff can continue to pursue the other form of relief. Cf. Ellis v. Railway Clerks, 466 U.S. 435, 441-42 (1984) (stating, in case involving procedure for rebating union dues to non-members, when union had been decertified during litigation, that, "as long as the parties have a concrete interest . . . in the outcome of the litigation [such as a claim for damages], the case is not moot" (parenthetical added)); Hospital Ass'n of R.I. v. Secretary of HHS, 820 F.2d 533, 536 (1st Cir. 1987) ("A dispute involving a monetary judgment constitutes a concrete interest in the outcome of the litigation and precludes a finding of mootness based on subsequent events." (quotation omitted)); McCabe v. Nassau County Medical Center, 453 F.2d 698, 701-02 (2d Cir. 1971) (stating in §1983 action that, although request for injunction was moot, claim for damages was not).

Were a tenant able to defeat a landlord's claim for back rent pursuant to RSA 540:13, III by claiming at the final hearing that the tenant had vacated the premises, thereby requiring the landlord to bring a new action to recover the back rent, such a process would be open to abuse. Accordingly, we conclude, under the specific circumstances of this case, that the trial court did not err by awarding the landlord back rent and costs, pursuant to RSA 540:13, III, after finding that the tenants "may have already vacated the property."

Finally, although the tenants raised other issues in their notice of appeal, they have not briefed them, and, therefore, they are deemed waived.  See Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 33 (2017).

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**<br>**Clerk**