## PAYSON *v.* PAYSON.

Where a husband deserted his wife in Massachusetts, where they had previously resided, and, though able, made no provision for her support, and the wife removed to this State, and always afterward resided here, and such desertion continued for three years, the time required to constitute a cause of divorce, after her removal, a divorce will be decreed.

The same rule was held applicable in case of abandonment and refusal to cohabit.

THE libel alleges:

1. That the libellant, Ann M. Payson, was married to Joseph W. Payson, May 11, 1852, at Salem, Mass.

2. She resided with him at Salem for a short time. He went to sea, returned in the fall of 1852, and resided with her a short time at Salem.

3. On the second of December, 1852, at Salem, said J. W. Payson willingly, and without cause, deserted her, and has ever since willingly absented himself from her, without, during all that time, making suitable provision for her support and maintenance, he being of sufficient ability.

4. Said J. W. Payson, on the second of December, 1852, at Salem, abandoned her without sufficient cause, and without her consent, and has ever since, and for more than three years, refused to cohabit with her, to wit, from said second of December, 1852, hitherto.

5. In the month of January, 1853, she removed to New-Hampshire, and has ever since resided there.

6. Said J. W. Payson is, as she believes, residing at Surry, in the State of Maine.

7. She has conducted well, &c.

8. And prays a divorce.

It appeared that the parties were both formerly resident in Maine. In 1852 they resided in Salem, in Massachusetts, and had been there for a year or more. In May, 1852, they were married at Salem, and lived together a few days, and until he went upon a voyage in the ordinary course of his employment

as a seaman. On his return, in the fall of the same year, they again lived together a short time, when he left her, and upon her application to him to return to live with her, he refused to do so, and wrote her a letter, discarding her entirely, since which he has never lived with her, or contributed to her support, though he was able to have done so, and was requested to pay for her board, but refused. The desertion took place in December, 1852, and in January, 1853, she left Salem, and moved to Portsmouth, to obtain employment in the mills there, and has since resided there and at Dover, till the present time. Her husband has never resided in this State. His residence was for a time at Salem, and subsequently, till the present time, in Maine.

The libel was filed June, 1856.

*C. W. Woodman,* for the libellant.

BELL, J. The divorce is claimed in this case on two grounds. The statute authorizes a divorce " when the husband shall have willingly absented himself from the wife for the space of three years, without making suitable provision for her support and maintenance," and " when either party, without sufficient cause, and without consent of the other, shall have abandoned such other, and refused for three years to cohabit with such other." Rev. Stat., chap. 148, sec. 3.

The question which arises in the case was left undecided in *Frary* v. *Frary,* 10 N. H. 63, with the significant remark of *Parker,* C. J., that, whether a wife married as well as deserted in another State, might thereupon come to reside here, and avail herself of our laws to obtain a divorce for an offence of the husband committed out of this State, subsequent to the time she came here, is a question which may deserve consideration when a case of that character presents itself.

We have carefully examined all the decisions reported in this State, and we think the doctrine deducible from them is:

1. That no divorce will be granted upon an application by a

party who is not a resident of this State, who has not a domicil established here. *Fellows* v. *Fellows*, 8 N. H. 160 ; *Clark* v. *Clark*, 8 N. H. 21 ; *Greenlaw* v. *Greenlaw*, 12 N. H. 202 ; *Frary* v. *Frary*, 10 N. H. 61 ; *Batchelder* v. *Batchelder*, 14 N. H. 380.

But if a wife is deserted by her husband, and left without a home here, or any provision for her support, and in consequence she removes to a place out of the State to obtain a support, she continues to have a domicil here by virtue of his residence here. *Masten* v. *Masten*, 15 N. H. 159.

The residence of the libellant in this State at the time of the filing of the libel, must, therefore, be directly and expressly alleged. It will not be enough that the party is described as of such a place, in this State, by way of addition. *Fellows* v. *Fellows*, 8 N. H. 160 ; *Greenlaw* v. *Greenlaw*, 12 N. H. 202 ; *Kimball* v. *Kimball*, 13 N. H. 225 ; *Batchelder* v. *Batchelder*, 14 N. H. 380.

2. No divorce will be decreed for any cause which took place out of the State, at a time when the libellant did not reside here. *White* v. *White*, 5 N. H. 466 ; *Clark* v. *Clark*, 8 N. H. 21 ; *Frary* v. *Frary*, 10 N. H. 61 ; *Smith* v. *Smith*, 12 N. H. 80 ; *Greenlaw* v. *Greenlaw*, 12 N. H. 200 ; *Kimball* v. *Kimball*, 13 N. H. 225 ; *Batchelder* v. *Batchelder*, 14 N. H. 380.

The libel must therefore allege, directly, and in distinct terms, that the libellant resided in this State, and where, during the time when the alleged cause of divorce accrued, either by an averment that the parties ever after the marriage resided in this State, or by allegations that the parties resided elsewhere, and at what places, until such a time, and then removed to this State, or that the libellant removed to this State, and that the libellant or both have since resided in this State, and at what places, to the time of filing the libel. *Smith* v. *Smith*, 12 N. H. 81 ; *White* v. *White*, 5 N. H. 476 ; *Kimball* v. *Kimball*, 13 N. H. 225.

The facts that the parties were natives of this State, or resided here, or were married here, or had relatives or friends residing here, seem to be material in determining the domicil of the

Payson v. Payson.

party applying for the divorce, and in satisfying the court that the residence was changed to this State in good faith, and not with a mere design to take advantage of our laws relative to divorce, rather than in settling the jurisdiction of the court. And the residence of the libellee seems to be chiefly material in the same point of view. *Clark* v. *Clark*, 8 N. H. 21; *Frary* v. *Frary*, 10 N. H. 61; *Kimball* v. *Kimball*, 13 N. H. 225.

3. If the libellant has always resided in this State, or, having been resident in another State, has taken up a residence here in good faith, and during such residence any act is done, or any course of conduct is pursued by the other party out of the State, which constitutes a cause of divorce, it will be no objection to a divorce, that they occurred in another jurisdiction. *Clark* v. *Clark*, 8 N. H. 21; *Frary* v. *Frary*, 10 N. H. 61; *Kimball* v. *Kimball*, 13 N. H. 225; *Smith* v. *Smith*, 12 N. H. 80; *Greenlaw* v. *Greenlaw*, 12 N. H. 200; *Bachelder* v. *Bachelder*, 14 N. H. 380.

Where the cause of divorce alleged consists of a course of conduct continued during a prescribed period of time, as in the case of desertion, or abandonment, it is not material to the jurisdiction, when or where they commenced to exist. Once commenced they continue till the parties are reconciled. The husband who has deserted or abandoned his wife, still deserts and abandons her, within the meaning of the statute, at every moment till he returns; nevertheless, it may be material to allege and prove when and where these causes commenced, to satisfy the court that they exist without cause, and without the consent of the libellant. *Smith* v. *Smith*, 12 N. H. 81; *Kimball* v. *Kimball*, 13 N. H. 225. So it is not material when or where a party became an habitual drunkard; it is enough that he has been an habitual drunkard for three years preceding the filing of the libel. *Bachelder* v. *Bachelder*, 14 N. H. 380.

It is enough, therefore, that it is alleged that the cause of divorce, if it be a single act, is alleged to have been done while the libellant was an inhabitant of this State; or if it is a case of

continued misconduct, that the wrong complained of has contin-
ued during the whole time required to make it a cause of
divorce, and to the filing of the libel, during the residence of
the libellant in this State. *Bachelder* v. *Bachelder*, 14 N. H.
380.

In the present case the causes of divorce commenced in Mas-
sachusetts, where the parties were then resident. The libellee
there deserted his wife, and absented himself from her without
cause, and without making suitable provision for her, being of
sufficient ability. He then, without sufficient cause, and without
her consent, abandoned and discarded her, and refused to co-
habit with her.

In this state of their relations, she removed to this State for
the purpose of procuring employment, and of earning her liveli-
hood, and has since made her domicil here. Being thus desert-
ed and abandoned, she had a right to provide herself a new
domicil, separate from her husband. *Frary* v. *Frary*, 10 N. H.
62 ; *Kimball* v. *Kimball*, 13 N. H. 225 ; *Masten* v. *Masten*,
15 N. H. 160. This we think is fully established by secs. 4
and 6, of chap. 149 of the Revised Statutes, which provide,
that " if any woman, being the wife of an alien, or of a citizen
of another State, shall have resided in this State for the term of
six months successively, separate from her husband, she shall be
capable of making contracts, may sue and be sued in her own
name, for any cause of action that may accrue during such sep-
arate residence, may acquire and hold property in her own right,
and may have the exclusive care, custody, and guardianship of
her minor children, living with her in this State," &c.

If the husband of such woman shall obtain a divorce from his
said wife in any court, or tribunal of any other State, or coun-
try ; or if a divorce shall be decreed upon application of the
wife during such separate residence, she shall be entitled to re-
tain to her own use any property, real or personal, which may
have been acquired by, or given, or descended to her during
such separate residence, &c.

The evidence here tends to show the change of residence in

this case to have been made in good faith, and the desertion and abandonment by the libellee having both continued for the entire period of three years, after a new domicil acquired here, constitute good causes of divorce, and a divorce is therefore decreed.