Hillsborough
No. 6815

LORANDE MITCHELL WOODRUFF

v.

ANNE FAY WOODRUFF

May 31, 1974

*Hamblett, Kerrigan, LaTourette & Lopez* and *Robert B. Field, Jr. (Mr. Field* orally) for the plaintiff.

*Brighton, Fernald, Taft & Hampsey* and *John R. Falby, Jr. (Mr. Falby* orally) for the defendant.

GRIMES, J. The issue in this divorce case is whether the court has jurisdiction to decree a divorce on the ground of irreconcilable differences which have caused an irremediable breakdown of the marriage (RSA 458:7-a (Supp. 1973)) where the plaintiff has been domiciled in this State

for more than one year but there is evidence that the differences and the breakdown of the marriage occurred while the parties were domiciled in Massachusetts.

The libel recites that the plaintiff has been domiciled continuously in New Hampshire since November 15, 1971, and "that long-term irreconcilable differences have caused the irremediable breakdown of the marriage and that efforts of the parties to resolve these differences have been unsuccessful." Defendant moved to dismiss for lack of jurisdiction "over the parties or the cause . . . ." After a hearing the motion was denied by the court who found that plaintiff had been domiciled in New Hampshire and that the allegations in the libel were sufficient to satisfy the jurisdictional requirements and that the question as to the existence of irreconcilable differences "at the time of the bringing of the libel" should be determined in the hearing on the merits. Defendant's exceptions were reserved and transferred by *Bois, J.*

The parties to this action were married in Massachusetts in 1942 and both had lived there under the same roof until June 1970 when the plaintiff moved to an apartment in Brookline, Massachusetts and then to a second apartment in Waltham, Massachusetts. He moved to Nashua, New Hampshire in November 1971 and filed this action in January 1973.

There have been two children born of the marriage, both of whom are now young adults. Plaintiff testified that irreconcilable differences have existed between him and the defendant for many years and continued after he moved to New Hampshire. It was his belief that the marriage had irremediably broken down before he moved to New Hampshire. It was findable that plaintiff became domiciled in New Hampshire in November 1971 when he moved to Nashua. He was therefore domiciled here for more than one year before the libel was filed. RSA 458:5 III.

The main contention of the defendant on appeal is that irreconcilable differences had existed before plaintiff became domiciled in New Hampshire and therefore the requirements of RSA 458:6 cannot be met. That section

provides that "[j]urisdiction of the cause for divorce exists when it wholly arose or accrued while the plaintiff was domiciled in the state, and not otherwise." Under this statute, although it has been held that causes involving a specific event such as conviction of crime, adultery, etc., occurring while plaintiff is domiciled elsewhere are not available to a plaintiff after he moves to New Hampshire (*Liberato v. Liberato,* 93 N.H. 219, 38 A.2d 880 (1944)), other causes which are of a continuing nature such as abandonment, which began while plaintiff was domiciled elsewhere may be relied on if continued for the required time after the plaintiff becomes domiciled here. *Payson v. Payson,* 34 N.H. 518 (1857); *Poulicakos v. Poulicakos,* 94 N.H. 233, 50 A.2d 429 (1946).

"Irreconcilable differences" are of the latter type. If the differences are not reconciled they constitute a continuing condition in the marriage relationship which may persist after one of the parties becomes domiciled here. RSA 458:7-a (Supp. 1973), however, does not require that the irreconcilable differences accrue over any specified period of time before they may form the basis for a cause for divorce.

No divorce can be decreed under this cause, however, unless the irreconcilable differences have caused an irremediable breakdown of the marriage. Defendant contends that this occurred before plaintiff moved to this State and therefore it could not arise or accrue while plaintiff was domiciled here. RSA 458:6.

The question whether a breakdown of a marriage is irremediable is a question to be determined by the trial court. *Riley v. Riley,* 271 So. 2d 181 (Fla. App. 1972); *In re Marriage of McKim,* 6 Cal. 3d 673, 493 P.2d 868, 100 Cal. Rptr. 140 (1972); *In re Marriage of Walton,* 28 Cal. App. 3d 108, 104 Cal. Rptr. 472 (1972); *Dunn v. Dunn,* 511 P.2d 427 (Ore. App. 1973). It is determined by a subjective test and not by any predetermined criteria. *Riley v. Riley supra.* The court must consider the state of mind of the parties toward the relationship in order to make the determination.

The above-cited cases state that the possibility of recon-

ciliation is an important issue and RSA 458:7-b (Supp. 1973) reinforces that conclusion. That section provides for a continuance of the proceedings and compulsory counseling when there is a reasonable possibility of reconciliation.

Although the state of mind of the parties is considered, it is not for them to decide if the breakdown is irremediable. That is a judicial determination *(In re Marriage of Walton,* 28 Cal. App. 3d 108, 104 Cal. Rptr. 472 (1972)) which is not to be made until the possibilities of reconciliation have been explored and have failed. Since this cannot occur prior to the consideration of the matter by the court, the provisions of RSA 458:6 are met. The fact that an irremediable breakdown of the marriage could not occur before the filing of a libel may be the reason why RSA 458:8 requiring a cause to be in existence at the time of filing of the libel was repealed at the same time section 7-a was enacted. Compliance therewith would be impossible under section 7-a.

We hold therefore that the trial court was correct in ruling that the allegations of the libel were sufficient to satisfy the jurisdictional requirements of the statute.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.