Rockingham
No. 7713

PAUL G. DERONDE

v.

MARILYN E. DERONDE

May 31, 1977

*Salomon & McCarthy,* of Dover (*Mr. Craig N. Salomon* orally), for the plaintiff.

*Fisher, Parsons, Moran & Temple* and *Edward T. Clancy,* of Dover (*Mr. Clancy* orally), for the defendant.

DOUGLAS, J. The question raised herein is whether the grant by a Massachusetts court to a wife of a decree of legal separation on the ground of abandonment precludes the husband from seeking a divorce in New Hampshire on the basis of irreconcilable differences, pursuant to RSA 458:7-a (Supp. 1975). For reasons which follow below, we hold that the Massachusetts decree presents no barrier to the present New Hampshire action.

The parties, who were married in New Jersey in 1951, subsequently moved to Massachusetts. On January 27, 1975, the Probate Court of Essex County, Massachusetts granted Mrs. deRonde's petition for separate support and ordered Mr. deRonde to pay his wife the sum of $160 per week. The court found that the husband had abandoned the wife without justifiable cause. On August 6, 1976, Mr. deRonde filed the instant libel in New Hamp-

shire. His wife responded with a motion to dismiss, citing lack of jurisdiction on the basis of the Massachusetts decree. This motion was dismissed by the Trial Court (*Perkins*, J.), who reserved and transferred all questions of law raised by Mrs. deRonde's exception thereto.

The wife's first argument is that the superior court could not grant a divorce on the basis of RSA 458:7-a (Supp. 1975), popularly known as the "no fault" provision of our divorce law, without failing to give "full faith and credit" to the Massachusetts determination that the husband was the guilty party by reason of his abandonment of his wife. This contention rests upon a misreading of RSA 458:7-a (Supp. 1975), which specifies that a divorce may be granted on the ground of irreconcilable differences *irrespective of the fault of either party*. Issues of fault and innocence are irrelevant under this statute, which directs its focus only to the question of whether irreconcilable differences between the parties have caused the irremediable breakdown of their marriage. This point was discussed at length in *Rodrique v. Rodrique*, 113 N.H. 49, 300 A.2d 312 (1973), wherein we noted that the no-fault provision of RSA 458:7-a (Supp. 1975) removes the probability of res judicata preventing a divorce decree in favor of a party against whom a legal separation has been decreed on fault grounds. Accordingly, we find no inconsistency between the Massachusetts finding of fault and a potential New Hampshire divorce decree on the basis of irreconcilable differences, and we hold that the Massachusetts decree presents no barrier on this ground.

Secondly, Mrs. deRonde asserts that the Massachusetts court retains "continuing jurisdiction" of the matter, so as to preclude a New Hampshire court from granting a divorce. This argument is disposed of by *Woodruff v. Woodruff*, 114 N.H. 365, 320 A.2d 661 (1974), wherein we explained that although causes for divorce involving a specific event, such as conviction of crime, adultery and the like, which occur while the parties are domiciled outside of this state are not available to a plaintiff after he or she moves to New Hampshire, other causes which are of a continuing nature, such as irreconcilable differences, which began while the plaintiff was domiciled elsewhere, may be relied on if continued for the required time after the plaintiff becomes domiciled here.

*Poulicakos v. Poulicakos,* 94 N.H. 233, 50 A.2d 429 (1946); *Payson v. Payson,* 34 N.H. 518 (1857).

Accordingly the order is

*Exception overruled.*

All concurred.