**Norfolk**

STEVEN BRADLEY GIBSON

v.

DIANA KAY GIBSON

No. 1307-86

Decided January 19, 1988

COUNSEL

Louis W. Kershner, for appellant.

Moody E. Stallings, Jr. (Deborah L. Rawls, Stallings & Richardson, on brief), for appellee.

OPINION

**COLEMAN, J.** — Steven Gibson appeals a final decree from the Circuit Court of the City of Virginia Beach awarding his wife spousal support and attorney's fees. He asserts that a Tennessee divorce based on *in personam* jurisdiction precludes the wife from seeking spousal support in a subsequent Virginia proceeding. He contends that because the Virginia court was required to give full faith and credit to the Tennessee divorce decree which had found Diana Gibson guilty of cruelty, Code § 20-107.1 precludes an award from him of permanent maintenance or spousal support. Alternatively, he argues that in setting the amount of spousal support, the commissioner and the court failed to consider all the enumerated factors of Code § 20-107.1. Finally, Mr. Gibson urges that, assuming the first two issues are resolved in his favor, the award of attorney's fees against him as the prevailing party cannot stand. Finding no error, we affirm the trial court's rulings.

Diana Kay Gibson filed a bill of complaint for divorce in the Circuit Court of Virginia Beach. The trial court ruled that Article IV § 1 of the U. S. Constitution required that full faith and credit be given to a Tennessee divorce obtained by Steven Gibson; however, the trial court also ruled that Virginia courts are not precluded from litigating the parties' property and support rights and not bound by the finding of cruelty of Diana Gibson. The Circuit Court of Virginia Beach awarded Mrs. Gibson four hundred fifty dollars per month permanent spousal support and six hundred dollars per month child support.

 Full faith and credit given a foreign divorce decree extends to "property and support rights, as well as to marital status, where the divorce court had personal jurisdiction over the parties." *Newport v. Newport,* 219 Va. 48, 54, 245 S.E.2d 134, 138-39 (1978); *see Vanderbilt v. Vanderbilt,* 354 U.S. 416, 423 (1957). However, when a divorce is granted *ex parte* the decree is binding only insofar as it terminates the marital status of the parties. Personal rights, which include property and support rights in divorce cases, may not be adjudicated by a court lacking *in personam* jurisdiction. *Vanderbilt,* 354 U.S. at 418. This time-honored precept has been a recognized procedural due process requirement of jurisdiction since *Pennoyer v. Neff,* 95 U.S. 714 (1877). Subsequent to a foreign *ex parte* proceeding, courts which obtain personal jurisdiction over both parties and subject matter may adjudicate the parties' personal rights in a separate proceeding, provided that the state's law empowers its courts to do so. *See Newport,* 219 Va. at 56, 245 S.E.2d at 139. In Virginia, spousal support and maintenance and property rights are cognizable legal obligations which do survive an *ex parte* foreign divorce decree. *Id.* The ability to litigate marital status and personal rights separately from the divorce proceeding in another jurisdiction has become widely known as the doctrine of divisible divorce.

To determine whether granting full faith and credit to the Tennessee decree precluded the Virginia trial court from awarding spousal support, we must examine the procedural background of the case. Mrs. Gibson filed her bill of complaint for divorce on February 28, 1985, in the Circuit Court for the City of Virginia Beach. The parties had lived together in Virginia Beach at the time of their last separation. Two days later on March 2, 1985, Mrs. Gibson was personally served in Virginia with a Tennessee bill of complaint which Mr. Gibson had filed in the Chancery Court of Lauderdale County.[1] Mr. Gibson was personally served

---

[1] Tennessee has no statute equivalent to Virginia Code § 8.01-320 conferring *in rem* jurisdiction in a proceeding where personal service is obtained out of state on a nonresident defendant. Tennessee does provide for *in rem* jurisdiction over a nonresident defendant based on service of process by an order of publication. Tenn. Code Ann. §§ 21-1-203 to 21-1-205 (1950, 1980 Repl. Vol.). We note that personal service on a nonresident defendant does comport with due process requirements for *in rem* jurisdiction and provides actual notice, where publication is designed to give constructive notice. We express no opinion whether under Tennessee law personal service on a nonresident in the absence of a statute specifically authorizing the procedure confers *in rem* jurisdiction, but we will assume that it did. Tennessee, like Virginia, has a provision in its "long arm" statute for obtaining *in*

in Tennessee with Mrs. Gibson's bill of complaint on April 1, 1985.[2]

Mrs. Gibson retained Virginia and Tennessee counsel. Her Tennessee attorney filed pleadings contesting the Tennessee court's subject matter jurisdiction on the basis of Mr. Gibson's Tennessee residence and domicile. The Tennessee court denied the motion to dismiss on May 10, 1985. It is not clear under Tennessee law whether Mrs. Gibson's unsuccessful challenge of subject matter jurisdiction constituted a general appearance subjecting her to the *in personam* jurisdiction of the court. *See Dickey v. Turner*, 49 F.2d 998 (6th Cir. 1931) (a federal case holding that "by familiar principles" such appearance conferred personal jurisdiction); *but see Patterson v. Rockwell International*, 665 S.W.2d 96, 100 (Tenn. 1984) (a party may appear specially to challenge the jurisdiction of the court and a general appearance will not be implied in the absence of specific proceedings other than a challenge to jurisdiction). However, the Circuit Court of Virginia Beach found that the Tennessee court had personal jurisdiction over Mrs. Gibson. Although we find no support in the record or under Tennessee law to conclude that Tennessee had *in personam* jurisdiction over Mrs. Gibson, nevertheless, for purposes of this appeal we accept that finding which the appellee does not challenge. Moreover, the law is clear that if the Tennessee court did not have *in personam* jurisdiction the "divisible doctrine" would clearly apply and appellant's challenge would be unfounded. *See Newport*, 219 Va. at 53, 245 S.E.2d at 137-38.

On June 24, 1985, without notice to Mrs. Gibson or her counsel as required by Tenn. R. Civ. P. 55.01,[3] Mr. Gibson appeared by

---

*personam* jurisdiction over a nonresident who previously maintained a marital domicile or had other minimal contacts with the state. We find nothing in the record to indicate that Mrs. Gibson had minimal contacts with Tennessee to confer *in personam* jurisdiction under Tennessee's "long arm" statute. Tenn. Code Ann. § 20-2-214.

[2] Virginia's "long arm" statute, Code § 8.01-328.1(A)(9), provides for personal jurisdiction where the parties have maintained within the Commonwealth a matrimonial domicile at the time of the separation and the nonresident party is personally served with process as provided.

[3] If Mrs. Gibson's plea to the subject matter jurisdiction constituted a general appearance she was entitled to notice under Tenn. R. Civ. P. 55.01 before applying for a default judgment. *See Patterson*, 665 S.W.2d at 100. Tenn. R. Civ. P. 55.01 provides, in pertinent part:

> If the party against whom judgment by default is sought *has appeared in the action*, he (or, if appearing by representative, his representative) shall be served with

counsel in Tennessee and moved for and obtained default judg-
ment. The Tennessee default decree granted a final divorce to Mr.
Gibson based on cruelty and adjudicated the parties' property and
support rights. However, upon proof that no notice of the divorce
hearing was given to Mrs. Gibson or her counsel of record, the
Tennessee court on April 24, 1986, pursuant to Rule 60.02 of the
Tennessee Rules of Civil Procedure[4] granted her motion to set
aside that part of the decree pertaining to support and property
rights but sustained the divorce award. The decree specified that
"neither the defendant nor her counsel received notice of the set-
ting [of the default judgment proceeding and] . . . all other por-
tions of the Decree of Divorce [other than the grant of an absolute
divorce] are hereby set aside as to property rights, child support
and alimony." At the time of the hearing to set aside, Mr. Gibson
had remarried.

In the meantime, Mr. Gibson filed a motion in the Virginia
Beach proceeding to dismiss Mrs. Gibson's bill of complaint for
divorce for lack of subject matter jurisdiction. The trial court de-
nied the motion on June 24, 1985, the same day the final divorce
decree was entered in Tennessee. In September 1985, with both
parties personally present, a commissioner in Virginia Beach
heard evidence on Mrs. Gibson's bill of complaint and filed his

---

written notice of the application for judgment at least five (5) days prior to the
hearing on such application (emphasis added).

[4] Tenn. R. Civil P. 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or his
legal representative from a final judgment, order or proceeding for the following
reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether
heretofore denominated intrinsic or extrinsic), misrepresentation, or other miscon-
duct of an adverse party; (3) the judgment is void; (4) the judgment has been satis-
fied, released or discharged, or a prior judgment upon which it is based has been
reversed or otherwise vacated, or it is no longer equitable that a judgment should
have prospective application; or (5) any other reason justifying relief from the oper-
ation of the judgment. The motion shall be made within a reasonable time, and for
reasons (1) and (2) not more than one year after the judgment, order or proceeding
was entered or taken. A motion under Rule 60.02 does not affect the finality of a
judgment or suspend its operation, but the court may enter an order suspending the
operation of the judgment upon such terms as to bond and notice as to it shall seem
proper pending the hearing of such motion. This rule does not limit the power of a
court to entertain an independent action to relieve a party from a judgment, order
or proceeding, or to set aside a judgment for fraud upon the court. Writs of error
coram nobis, bills of review and bills in the nature of a bill of review are abolished,
and the procedure for obtaining relief from a judgment shall be by motion as pre-
scribed in these rules or by an independent action.

report with the circuit court.

Adopting the commissioner's recommendation, the court ruled that the Tennessee divorce decree would be given full faith and credit but that Mrs. Gibson's rights in Virginia to litigate the incidences of divorce—child custody, spousal and child support, and property rights—were not barred by the Tennessee decree. The court adopted the commissioner's child custody and support recommendations and modified the spousal support recommendation to $450 per month. Attorney's fees and court costs were assessed against Mr. Gibson for $995.

The commissioner found in his report that Mrs. Gibson "was properly and personally before the court in Tennessee and should have had the opportunity to have her day in Court regarding spousal support." The trial court made no specific finding whether the Tennessee court had *in personam* jurisdiction. It ruled that the Tennessee decree should be accorded full faith and credit but that the Tennessee decrees and judicial proceedings did not preclude Virginia from adjudicating Mrs. Gibson's claim for spousal support. We agree.

A foreign divorce decree is presumed to be a verity. A party seeking to limit a foreign decree's effect or to assail the credit to be accorded it has the burden of establishing its limitations or invalidity. *Williams v. North Carolina*, 325 U.S. 226, 233-34 (1945). Both personal and subject matter jurisdiction will be presumed if necessary to give effect to the decree unless the record clearly establishes otherwise. *Cook v. Cook*, 342 U.S. 126, 128 (1951) (quoting *Adam v. Saenger*, 303 U.S. 59, 62 (1938)). However, a court giving full faith and credit to a foreign decree or judicial proceeding is not required to grant more efficacy to the decree than did the foreign court which granted it. Mr. Gibson contends that because the Tennessee court had *in personam* jurisdiction and could have litigated all support and property rights, Virginia cannot act on those issues. The appellant would have the Virginia court give the foreign divorce decree greater effect than the Tennessee court gave its own decree. In fact, the appellant's argument would have the effect of nullifying the Tennessee decree which set aside all portions of the divorce decree as to property rights, child support and alimony.

■ Furthermore, not only did the Tennessee court ultimately vacate its decision to consider support and property rights but, more important, it ruled that neither the defendant nor her counsel received the required notice of the proceeding in which the personal rights were to be adjudicated. The Circuit Court of Virginia Beach, as required, accorded that ruling full faith and credit. The Tennessee court, in setting aside those parts of its prior decree which were dependent upon *in personam* jurisdiction, ruled, in effect, that the lack of required notice to a party denied the litigant due process by adjudicating personal rights without affording the party an opportunity to appear and be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Thus, although the Tennessee court may have originally obtained *in personam* jurisdiction, its power to adjudicate the personal rights of a litigant were limited by due process constraints. The Tennessee court's determination effectively limited its own jurisdiction. We conclude that its determination was based upon a holding that it lacked authority to decide the personal rights of the parties due to lack of notice of the proceedings. Even if the Tennessee court incorrectly determined the limitation on its authority to have decided the personal support and property rights, that decision must be accorded full faith and credit. Indeed, a court refusing to exercise its jurisdiction or erroneously limiting its jurisdiction, precludes the parties from being able to litigate an issue as surely as if the court was without jurisdiction. Although a court cannot confer jurisdiction upon itself, it does have the power to determine whether it has jurisdiction. *Rumbaugh v. Winifrede R.R.*, 331 F.2d 530, 541 (4th Cir.), *cert. denied*, 379 U.S. 929 (1964). The power to decide includes the power to decide wrongly. *Robertson v. Commonwealth*, 181 Va. 520, 536-37, 25 S.E.2d 352, 358-59 (1943). In summary, by granting full faith and credit to the Tennessee decrees, the trial court fully recognized the express provision in the Tennessee decree that the support and property rights were not being adjudicated. To the extent that the court may have had initial *in personam* jurisdiction to do so, its determination to set aside its adjudication of personal rights for lack of notice does not prevent a court which later obtains personal and subject matter jurisdiction from deciding these issues, provided the state's law authorizes it. Therefore, since the Tennessee court decided only the marital status, and did not adjudicate the personal rights incident thereto, those issues were left to be decided in an appropriate forum.

■ The appellant argues, however, that since Virginia courts must give full faith and credit to the Tennessee decree of divorce the Virginia court is bound by the Tennessee finding that Mrs. Gibson was guilty of cruel and inhumane treatment rendering cohabitation unsafe. That ground of divorce parallels the Virginia ground for divorce for cruelty contained in Code § 20-91(6). Thus, the appellant reasons that a Virginia court which grants full faith and credit to the Tennessee divorce decree must recognize the fault grounds for divorce, which in conjunction with the prohibition of Code § 20-107.1, bars the party found to have caused the ground for divorce from receiving spousal support. As previously noted, even though the Tennessee court arguably may have had initial *in personam* jurisdiction, the Tennessee court found that Mrs. Gibson was deprived of her right to appear and litigate the personal issues due to lack of notice to her. Any decision or finding by the Tennessee court affecting the personal rights of support and property must be founded on *in personam* jurisdiction. We believe that this requirement applies to the finding of fault when that finding is urged as a bar to support and property rights, even though the findings may support the divorce award. *See de Ronde v. de Ronde*, 117 N.H. 479, 374 A.2d 663 (1977) (Massachusetts separation decree on fault grounds did not preclude New Hampshire no-fault divorce); *see also* Annotation, 28 A.L.R. 2d 1378 (1953). Thus, the determination by the Tennessee court that the lack of required notice to Mrs. Gibson prevented it from binding her personally, applies equally to her right to appear and litigate those facts and issues which govern her right to support and property. Therefore, the finding of fault by the Tennessee court, while entitled to full faith and credit in determining parties' marital status, is not binding upon the parties when considering spousal support pursuant to Code § 20-107.1.

■ Mr. Gibson also asserts that the trial court failed to consider the necessary statutory factors of Code § 20-107.1 when making the spousal support award. In awarding spousal support, the trial judge has broad discretion. Appellate courts will not interfere unless the record shows that some injustice has been done. *Morris v. Morris*, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986) (citing *Oliver v. Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960)).

█ The trial judge must consider all the factors enumerated in Code § 20-107.1. *Lapidus v. Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). Consideration entails more than a recitation in the record or decree that all factors have been considered. We believe that the legislature's inclusion in 1982 of specific factors in the statute envisioned meaningful substantive consideration in the decision-making process. *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). When the court does not quantify or elaborate on what weight or consideration it has given each factor, we must examine the record to determine if the award is supported by evidence relevant to those factors. *Id.* The transcript from the commissioner's hearing is replete with evidence relating to all factors of Code § 20-107.1. The same evidence was before the judge when he modified the spousal support award. Substantial credible evidence relating to the statutory factors of Code § 20-107.1 supported the award. We conclude, therefore, that the trial judge did consider all the appropriate factors and accorded them weight within the proper bounds of his discretion. Thus, we affirm the award of spousal support.

█ "The allotment of costs and attorney's fees is a matter within the sound discretion of the trial court." *D'Auria v. D'Auria*, 1 Va. App. 455, 461, 340 S.E.2d 164, 167 (1986) (citing *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976) and Code § 20-99). Finding no abuse of that discretion, we affirm the award of costs and attorney's fees.

Based on the foregoing, the decree appealed from is affirmed.

*Affirmed.*

Baker, J., and Hodges, J., concurred.