COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


TIMOTHY JAMES SILVESTER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0515-96-3      CHIEF JUDGE NORMAN K. MOON
                                       DECEMBER 31, 1996
SUSAN LEE SILVESTER


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                    William W. Sweeney, Judge

        Edward D. Barnes (Charles E. Powers; Joseph
        E. Mayer; Edward D. Barnes & Associates,
        P.C., on brief), for appellant.

        John K. Taggart, III (Patricia D. McGraw;
        Tremblay & Smith, on brief), for appellee.


        Timothy James Silvester appeals the judgment of the circuit

court deciding matters of spousal support, custody, and equitable

distribution.  Appellant contends the circuit court erred in: (1)

evaluating appellant's medical practice; (2) awarding forty

percent of appellant's medical practice and office building to

appellee; (3) awarding spousal support prior to issuing its

ruling on equitable distribution; (4) awarding spousal support in

an amount of $3,500 per month; (5) awarding spousal support based

on a financial situation created by the recipient's spending

habits; (6) refusing to impute income to appellee for purposes of

determining spousal support; (7) refusing to impute income to

appellee for purposes of calculating child support; (8)

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

calculating child support without including in the gross income of the party requesting child support the spousal support which was awarded her; and (9) awarding $8,000 in attorney's fees. We affirm the judgment.

The parties were married on December 27, 1969. Four children were born to the marriage, the first in 1972 and the last and only minor in 1980. They separated on June 20, 1993. A divorce decree was granted to appellant on October 13, 1994, on the grounds that the parties had lived separate and apart for more than one year.

When they married, appellant was in graduate school. Six months later he completed graduate school and entered medical school. He was in medical school for four years and subsequently pursued five additional years of residency and practice before moving to Lynchburg, Virginia. During the nine years in which he was receiving his medical education, he borrowed money, worked as a resident, and for the summer held part-time jobs. During this time, appellee worked for two periods earning between $250 and $300 a week in each position.

Once they relocated to Lynchburg, appellant borrowed $60,000 to $70,000 to begin his practice as a plastic surgeon. The practice grew steadily and he added two partners. In the 1980's one of the partners became sick and business problems developed. The practice incurred substantial debt during the 1990's. Appellee did not contribute to the practice or participate in appellant's activities to establish himself in the medical

community.

During the course of the marriage appellee managed the home and tended to the day-to-day duties of raising the children. Appellant's annual income eventually reached approximately $175,000. Appellee was not employed during this period. Marital troubles developed regarding family finances. Appellee concealed from appellant some of her debts. She spent more than $75,000 on clothing and accessories. She also borrowed without appellant's knowledge.

In 1988, appellee inherited approximately $390,000 from her mother. At separation her account balance was $269,000. At the final hearing her account balance was $10,000.

In the trial court's February 14, 1996 final decree, (1) custody of Chris, the only minor child, was awarded to appellee; (2) child support was based on the statutory guidelines without deviation; (3) spousal support was set at $3,500 with no income imputed to appellee; (4) appellant's share in his medical practice was valued at $70,000 and sixty percent was awarded to appellant and forty percent to appellee; (5) appellant's share in his office building was valued at $41,456 and sixty percent was awarded to appellant and forty percent to appellee; and (6) appellee was awarded $8,000 in attorney's fees and an additional sum not to exceed $1,000 in costs.

## Valuation of Medical Practice

Appellant's expert valued appellant's interest in his medical practice at $65,275, and appellee's expert valued the

practice at $79,333. However, appellant's expert admitted that had he been aware of certain other assets, he would have valued appellant's interest at $75,941.

Where experts offer conflicting testimony it is within the purview of the trial court to determine credibility. Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989). Here, the court heard evidence by both parties' experts who offered their opinions on the value of the appellant's interest, valuations which included both experts' recognition of the buy-sell agreement controlling the stock. Contrary to appellant's argument on brief, in Bosserman v. Bosserman, we did not uphold the trial court's use of a buy-sell agreement to value closely held stock. 9 Va. App. 1, 7, 384 S.E.2d 104, 108 (1989). We held that such an agreement is a factor to be considered in valuing an asset, but it is not conclusive as to the value. Id.

The trial court was not plainly wrong in deciding the value of $70,000, and was not bound to select the specific value offered by either party's expert, regardless of their relative qualifications as experts. See Zipf v. Zipf, 8 Va. App. 387, 394, 382 S.E.2d 263, 267 (1989). We find there is sufficient evidence in the record to support the trial court's valuation.

Award of Forty Percent of Practice and
Office Building to Appellee

The trial court's award is not to be disturbed on appeal unless plainly wrong or without evidence to support it. Bosserman, 9 Va. App. at 5, 384 S.E.2d at 107. The trial court,

after noting its consideration of all the factors prescribed by Code § 20-107.3, awarded appellee forty percent of appellant's interest in his medical practice and in the office building. "The purpose of Code § 20-107.3 is to fairly divide the value of the marital assets acquired by the parties during marriage with due regard for both their monetary and nonmonetary contributions to the acquisition and maintenance of the property and to the marriage." Bosserman, 9 Va. App. at 5, 384 S.E.2d at 107 (citing Robinette v. Robinette, 4 Va. App. 123, 130, 354 S.E.2d 808, 811 (1987)).

Here, the trial court determined that appellant's interest in his medical practice and the office building was marital property. Appellant argues that the trial court erred because the court's award is not reconcilable with several of the factors prescribed in Code § 20-107.3. Specifically, appellant argues that his contributions both to the overall marital estate, and to the practice and office building, vastly exceeded appellee's contributions to the same assets.

While it is evident that appellant was almost entirely responsible for the development and success of his practice, the record also contains considerable evidence of appellee's nonmonetary and monetary contributions to the marital estate. Appellee and appellant were married for a period of twenty-five years and during that time appellee was almost solely responsible for the upkeep of the marital residence and the raising of the children. In addition, appellee's parents contributed to the

parties' marital estate, purchasing automobiles for them and, until the death of appellee's mother, paying all of the private educational expenses of the children. Appellee's inheritance, while used in part for appellee's extensive purchasing of clothes and accessories, was also contributed to the marital estate. Appellee's separate funds were used to pay for various trips for the family, for the purchase of household items, and for the support of the children. Appellee used $139,000 to pay the children's educational expenses; $5,000 was used in the purchase of the office building.

Appellee's maintenance of the family home, support of the parties' children, and use of a significant portion of her separate assets for these causes allowed appellant to devote his time and energies to the development of his practice. The trial court was not plainly wrong in finding that the wife's nonmonetary and monetary contributions to the marriage were substantial. Thus, we find there is evidence in the record of the trial court's consideration of the factors prescribed by Code § 20-107.3(E) and that the evidence was sufficient to support the findings of the trial court.

### Spousal Support

Code § 20-107.1 delineates the specific factors to be considered by the trial court in determining spousal support. In making a spousal support award, the trial court has broad discretion, and on appeal the award will not be reversed unless plainly wrong or without evidence to support it. <u>Gibson v.</u>

- 6 -

Gibson, 5 Va. App. 426, 434, 364 S.E.2d 518, 523 (1988).  Here, the trial court's consideration of the statutory factors is evidenced by the court's statement that "[p]ursuant to § 20-107.1 . . . . spousal support is set at $3,500 per month."

Appellant properly notes that mere recitation that the factors have been considered is insufficient.  Id. at 435, 364 S.E.2d at 523.  "[W]e must examine the record to determine if the award is supported by evidence relevant to those factors."  Id.  Provided the record indicates the court's consideration of the factors prescribed by Code § 20-107.1, the trial court need not disclose the totality of its considerations nor must the trial court address each factor point by point in its opinion.  Here, the record contains evidence relating to the statutory factors with which to make an award.  Accordingly, we hold that the record does not show that the trial court failed to consider the appropriate factors or to accord them proper weight within the bounds of his discretion.

## Imputation of Income

Appellant argues that the trial court erred in not imputing income for purposes of determining spousal and child support because the record indicates that appellee is voluntarily underemployed.  Appellant also argues that the trial court erred by not considering income appellee receives from her personal assets and income that will be generated by appellee's portion of the equitable distribution award.

A party seeking spousal support is obligated to earn as much

as they reasonably can in order to reduce the amount of support needed. Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). In keeping with this principle a court may, under appropriate circumstances, impute income to a party who seeks spousal support. Id. However, we have also previously held that "the court, in setting support awards, must look to current circumstances and what the circumstances will be `within the immediate or reasonably foreseeable future,' not to what may happen in the future. Id. at 734-35, 396 S.E.2d at 679 (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)).

Here, appellee was forty-four years of age, possessed a two-year degree and had no appreciable work experience as she was a full-time mother and homemaker during the parties' twenty-five years of marriage. Appellee is considerably less well suited for reentering the job market than was the wife in Srinivasan, where we concluded that despite the fact that the wife possessed a Ph.D. and had taught at George Mason University, the court improperly imputed income to her. Id. at 735, 396 S.E.2d at 679-80. We found that "Mrs. Srinivasan, at the time of divorce, was leading the life style she was accustomed to during the marriage . . . [and] the evidence did not support a finding that she had unreasonably refused to accept employment as of the date of divorce and she was thus entitled to a reasonable time to secure employment." Id. at 735, 396 S.E.2d at 679. Such a finding is also appropriate here. If, after a reasonable time, appellee unreasonably refuses to seek or accept employment, the

imputation of income may be justified.  Further, no evidence was presented as to the availability of a position for which appellee was qualified, or what the amount of income would be for such position.

Appellant's arguments regarding the court's failure to consider the income wife could have earned or will earn from her separate assets and the assets obtained via the equitable distribution award are also unpersuasive.  Although appellee did receive substantial inheritance from her mother, evidence was presented that those funds have since been all but exhausted.  As noted, in making a support award and determining whether to impute income, the trial court must look at the present circumstances of the parties.  Id.  The record indicates that the trial court considered the assets to be awarded wife and those separate assets remaining to her in making its support award and refusing to impute income.  The wife had considerable debt including attorney's fees which she would be required to pay with her current assets.  Imputation of income is within the trial court's discretion.  Here, credible evidence supported the trial court's decision that imputation of income was not appropriate, and thus no abuse of discretion is proved.

### Child Support

Appellant asserts that the trial court erred in calculating child support without including appellee's spousal support in her gross income.  We need not reach this issue as the question is moot because the dependent child for whom support was ordered now

lives with appellant.  Even assuming an error in the calculation of the amount of the child support, appellant is not entitled to restitution.  <u>See</u> <u>Reid v. Reid</u>, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993).

<u>Attorney's Fees</u>

The award of attorney's fees is a matter vested in the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  <u>Alphin v. Alphin</u>, 15 Va. App. 395, 425 S.E.2d 572 (1992).  The trial court awarded appellee $8,000 in attorney's fees and a sum not to exceed $1,000 for costs.  At trial appellee testified that she had incurred fees in excess of $30,000 and expenses in excess of $1,000.  The lengthy nature of the proceedings and the complexity of the deliberations are also apparent from the record.  We find that the trial court's award of attorney's fees was not excessive.

Accordingly, we affirm the trial court's award.

<u>Affirmed</u>.