COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Frank and Clements


CARL M. BLOCK

                                                          MEMORANDUM OPINION[*]
v.       Record No. 2059-04-2                                 PER CURIAM
                                                           MARCH 1, 2005
MELINDA B. BLOCK



                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                  Michael C. Allen, Judge

                (Larry D. Catlett; Elizabeth C. Mooz; Angela D. Catlett; Larry D.
                Catlett & Associates, on brief), for appellant.

                (Dawn B. DeBoer; Alexis Mei Fishel; Kaufman & Canoles, P.C., on
                brief), for appellee.


        Carl M. Block (husband) appeals a decision of the trial court awarding spousal support to

Melinda M. Block (wife).  On appeal, husband contends the trial court erred by:  (1) applying the

statutory factors of Code § 20-107.1; (2) determining wife is entitled to spousal support;

(3) determining the amount of the spousal support award; (4) not making the award of a definite

duration; and (5) awarding wife a portion of her attorneys' fees.  Both parties request attorneys' fees

and costs incurred in this appeal.  Upon reviewing the record and briefs, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                       Background

        The parties were married in 1989.  They had three children during the marriage, one of

whom has a learning disability and is considered a special needs child.  As of August 3, 2004, the

─────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

time of the entry of the final divorce decree, the three daughters were thirteen, eleven, and nine years old. During the marriage, the parties agreed that wife would work part-time as a nurse, providing her more time to care for the children. Wife continues to work part-time, sixty-four hours every two weeks, and is currently earning about $50,000 per year. During the marriage, husband attended dental school and he currently has a periodontal practice from which he has earned an average of $153,233 per year from the years 1997 through 2001. In 1998, wife left the marital residence, taking the parties' three daughters with her.

After hearing evidence, the trial court issued an opinion letter awarding wife $1,500 per month in spousal support. The court also awarded wife $12,500 in attorneys' fees. Husband filed a motion for reconsideration, which the trial court denied. On August 3, 2004, the court entered a final divorce decree, awarding wife $1,500 per month in spousal support.

Spousal Support Award

The parties disagree on which version of Code § 20-107.1 applies to this case. Husband contends the trial court should have applied the version of Code § 20-107.1 which took effect on July 1, 1998. The July 1, 1998 amendments provided the trial court with authority to order spousal support for a defined duration. Wife argues that because she filed her suit for spousal support in the juvenile and domestic relations district court in April 1998, the case is controlled by the version of the statute in effect at that time, which did not include the defined duration provision. The trial court refused to rule on the issue, stating in its February 5, 2004 opinion letter: "The [c]ourt need not address this issue. Even if the [c]ourt were to reject [wife]'s argument and agree with [husband] that the defined duration provisions of [the statute] are available for use in this case—a determination the [c]ourt expressly declines to make—the evidence does not warrant their application."

We find the trial court did not err in applying Code § 20-107.1. The defined duration provision, effective on July 1, 1998, states that the court "in its discretion, may decree that [spousal support] be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." Code § 20-107.1(C). Thus, even if the provision applied to this case, it was within the trial court's discretion whether to make an award of a defined duration. Here, the trial court ruled that the evidence did not warrant a defined duration award. Given the economic circumstances of the parties and the improbability that the disparity in the incomes of the parties will significantly change in the future, we cannot say the trial court abused its discretion in so ruling.

Furthermore, it appears that in making the award, the trial court considered factors listed in both versions of the statute. The 1998 amendments included several factors which were not listed in the earlier version of the statute. However, we cannot say the trial court erred by considering the additional factors where the previous version of the statute stated the trial court was to consider "[s]uch other factors . . . as are necessary to consider the equities between the parties." Code § 20-107.1(9) (in effect in April 1998). Accordingly, the trial court did not err in its consideration of the statutory factors in making the award.

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (citation omitted). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (citation omitted). "In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App.

401, 419, 551 S.E.2d 10, 19 (2001). Its findings "must have some foundation based on the evidence presented." Id.

In the trial court's February 5, 2004 opinion letter, the court stated that it considered all of the factors of Code § 20-107.1 in making the spousal support award. The court particularly referenced the income and earning capacities of the parties; the standard of living established during the marriage; the contributions, both monetary and non-monetary, of each party to the well-being of the family; the special needs of the one child; and the decisions regarding employment, career economics, education and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential.

We conclude that the record contains sufficient evidence to support the trial court's award to wife of $1,500 per month in spousal support. We will not reverse the trial court's decision where supported by competent evidence. See Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988). The parties were married for almost nine years before they separated. During the marriage, husband attended dental school and wife worked part-time, by agreement between the parties, in order to have more time to devote to child-rearing. Wife is and has been the primary caregiver for the parties' children, including the parties' special needs daughter. At the time of these proceedings in the trial court, wife earned about $50,000 per year and had health benefits through her employer. Furthermore, because wife works part-time, often working long hours while husband has visitation with the children, the parties incur modest child care expenses.

The record shows that husband had an average annual income for the past five years of over $150,000, which is three times wife's present annual income. Moreover, based on the parties' education, training and experience, no evidence indicates the disparity in the parties' incomes will dissipate in the near future. Furthermore, the trial court heard extensive evidence

regarding the equitable distribution of the parties' property and their respective financial circumstances. Accordingly, the trial court did not abuse its discretion by not imputing additional income to wife and by ordering husband to pay wife $1,500 per month in spousal support.

Husband contends the trial court erred by awarding wife $12,000 in attorneys' fees. Wife submitted invoices from her attorneys listing the fees incurred by wife from the beginning of the attorneys' representation of wife through a few days before the trial court hearing. The invoices showed wife had incurred over $37,000 in attorneys' fees and over $2,800 in costs. Thus, the trial court awarded wife "only a fraction" of the fees and costs acquired by her.

The decision to award attorney's fees is left to the sound discretion of the trial court, and an award will be overturned on appeal only if the trial court abused its discretion. <u>Kane v. Szymczak</u>, 41 Va. App. 365, 375, 589 S.E.2d 349, 354 (2003). "The key to a proper award of counsel fees is reasonableness under all the circumstances." <u>Brooks v. Brooks</u>, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998). Under these circumstances, we hold the court did not abuse its discretion in awarding wife a portion of her attorneys' fees and costs.

Both parties request attorneys' fees and costs incurred in this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because we hold that the appeal lacks merit, we grant wife's request for costs and remand to the trial court to assess a reasonable attorneys' fee in favor of wife.

Accordingly, we summarily affirm the trial court's decision.

<u>Affirmed and remanded.</u>