# CIRCUIT COURT OF ROANOKE COUNTY

State of Maine

v.

Gerard F. Hamilton

October 11, 2012

Case No. CL11000901-00

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on plaintiff's motion for summary judgment. For the reasons that follow, after having considered the pleadings, the relevant case law, and the arguments of counsel, the plaintiff's motion is granted.

## Facts

The State of Maine initiated suit in the Circuit Court for the County of Roanoke, Virginia. The complaint prays that Maine Superior Court's judgment against Gerald F. Hamilton be domesticated in this Court. Hamilton argues that Maine's complaint should be dismissed because the Maine judgment is not entitled to Constitutional protection under the full faith and credit clause due to a violation of Hamilton's procedural due process. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved and the Effect thereof." U.S. Const., art. IV, § 1.

## Analysis

When full faith and credit is an issue, "a party seeking to limit a foreign decree's effect or to assail the credit to be accorded it has the burden of establishing its limitations or invalidity." *Gibson v. Gibson*, 5 Va. App. 426, 432, 364 S.E.2d 518 (1988). When the court of a foreign state renders a

judgment sought to be enforced in Virginia, Virginia courts will presume that the foreign state had proper jurisdiction. *Gilchrist v. West Virginia*, 21 W. Va. 115 (1882). To render the foreign state's judgment void, this presumption must be overcome. *Id.*

Hamilton does not challenge jurisdictional issues in this suit. Hamilton argues that a judgment entered in another state is not entitled to full faith and credit when there has been a violation of a party's procedural due process. *Griffin v. Griffin*, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 (1946). Hamilton contends that, when Maine's Superior Court entered judgment against him on October 14, 2010, before the November 12, 2010, standard scheduling order deadline for filing motions, the State of Maine violated his procedural due process rights.

Under the full faith and credit clause, when a proceeding has been adjudicated by the court of a sister state, the final judgment of that court must be given the effect of *res judicata* by the court of the forum state. *State, ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968). The courts of one state have no jurisdiction whatsoever over the judicial proceedings of another state and cannot alter, amend, or repeal them, however erroneous they may be; nor, can such states set aside a decree of a foreign court. *Dry v. Rice*, 147 Va. 331, 137 S.E. 473 (1927). A court giving full faith and credit to a foreign decree or judicial proceeding is not required to grant more efficacy to the decree than did the foreign court which granted it. *Gibson v. Gibson*, 5 Va. App. 426, 436, 364 S.E.2d 518 (1988). Thus, a litigant is barred from relitigating in Virginia issues that were properly decided by a sister state's court. *Bloodworth v. Ellis*, 221 Va. 18, 267 S.E.2d 96 (1980).

This Court finds that Hamilton has not met his burden and his procedural due process argument fails. *Wallihan v. Hughes*, 196 Va. 117, 82 S.E.2d 553 (1954). It is this Court's determination that Hamilton's argument fails to overcome the constitutional mandate pursuant to the full faith and credit clause.

For the reasons stated, this Court grants the plaintiff's motion for summary judgment.